Case 1:14-cr-02783-JB   Document 2   Filed 08/12/14   Page 1 of 6

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
AUG 12 2014
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO. 14-2783 JB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Count 1: 18 U.S.C. § 241: Conspiracy |
| | ) | Against Free Exercise of Civil Rights; |
| **THOMAS R. RODELLA** and | ) | |
| **THOMAS R. RODELLA, JR.**, | ) | Count 2: 18 U.S.C. § 242: Deprivation |
| | ) | of Rights and 18 U.S.C. § 2 Aiding |
| Defendants. | ) | and Abetting; |
| | ) | |
| | ) | Count 3: 18 U.S.C. § 924(c)(1)(A)(ii): |
| | ) | Brandishing a Firearm; |
| | ) | |
| | ) | Counts 4 and 5: 18 U.S.C. § 1519: |
| | ) | Falsification of Documents. |

INDICTMENT

Introduction

The Grand Jury charges:

At all times relevant to this indictment:

1. The Rio Arriba County Sheriff's Office is a law enforcement agency in Rio Arriba County, New Mexico.

2. **THOMAS R. RODELLA** was the sheriff of the Rio Arriba County Sheriff's Office.

3. Paragraphs 1 and 2 are hereby incorporated by reference into the counts set forth below.

### Count 1

On or about March 11, 2014, in Rio Arriba County in the District of New Mexico, the defendants, **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.**, while acting under color of law, willfully combined, conspired and agreed with each other to injure, oppress, threaten and intimidate M.T. in the free exercise and enjoyment of a right and privilege secured to him by the Constitution of the United States; namely, the right not to be subjected to unreasonable seizure.

### Object of the Conspiracy

It was the object of the conspiracy that Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.** agreed to engage in a high-speed pursuit and unreasonable seizure of M.T.

### Overt Acts

In furtherance of the conspiracy, and to effect the object thereof, Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.** committed the following overt acts, among others:

(a) On or about March 11, 2014, Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.**, while driving at a high rate of speed on Highway 399 in Defendant **THOMAS R. RODELLA'S** personal Jeep SUV, rapidly approached M.T.'s car, which was traveling at the posted speed limit of 35 mph.

(b) On or about March 11, 2014, Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.**, upon approaching M.T.'s car, began tailgating M.T. who responded by flashing his brake lights.

Case 1:14-cr-02783-JB   Document 2   Filed 08/12/14   Page 3 of 6

(c) On or about March 11, 2014, Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.,** continued to tailgate M.T.'s vehicle.

(d) On or about March 11, 2014, after M.T. pulled to the side of the road to permit the defendants' Jeep SUV to pass, Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.,** stopped, and parked in front of M.T.'s car.

(e) On or about March 11, 2014, Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.,** exited their Jeep SUV and motioned to M.T. to exit his car and fight.

(f) On or about March 11, 2014, when M.T. drove back onto Highway 399 rather than exit his car to confront the defendants, Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.,** re-entered their Jeep SUV and began to chase M.T. at a high rate of speed. Defendant **THOMAS R. RODELLA, JR.** drove the Jeep SUV during the pursuit of M.T.

(g) On or about March 11, 2014, Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.** used their Jeep SUV to block M.T.'s car on a dead-end private lane.

(h) On or about March 11, 2014, Defendant **THOMAS R. RODELLA**, who was not in uniform, jumped out of his Jeep SUV with a silver revolver in his hand and entered M.T.'s car.

(i) On or about March 11, 2014, Defendant **THOMAS R. RODELLA** assaulted M.T. with the silver revolver while M.T. continually begged not to be shot.

3

(j) On or about March 11, 2014, Defendant **THOMAS R. RODELLA, JR.** dragged M.T. out of his car, threw M.T. onto the ground face-first into the dirt, and referring to Defendant **THOMAS R. RODELLA**, told M.T., "Don't you know that is the sheriff?"

(k) On or about March 11, 2014, Defendant **THOMAS R. RODELLA,** in response to M.T. asking to see his badge, pulled M.T.'s head up from the dirt by his hair, and slammed his badge into M.T.'s right cheek and eye and yelled, "You want to see my badge? Here's my badge, mother f****r!"

(l) On or about March 11, 2014, Defendant **THOMAS R. RODELLA** instructed his deputies to proceed to the scene and arrest M.T.

(m) On or about March 11, 2014, Defendant **THOMAS R. RODELLA** caused M.T. to be detained in the Rio Arriba County Detention Center.

(n) On or about March 11, 2014, Defendants **THOMAS R. RODELLA** and **THOMAS R. RODELLA, Jr.** made false representations, among others, to the arresting deputies that M.T. had attempted to injure Defendant **THOMAS R. RODELLA**.

All in violation of 18 U.S.C. § 241.

### Count 2

On or about March 11, 2014, in Rio Arriba County in the District of New Mexico, the defendants, **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR.**, while acting under color of law, willfully deprived M.T. of the right, protected and secured by the Constitution and laws of the United States, not to be subjected to unreasonable seizure by a law enforcement officer. Specifically, the defendants pursued M.T., assaulted M.T., and caused M.T.'s unlawful arrest by deputies of the Rio Arriba County Sheriff's Office. This offense resulted in bodily injury to M.T. and included the use of a dangerous weapon.

All in violation of 18 U.S.C. §§ 242 and 2.

### Count 3

On or about March 11, 2014, in Rio Arriba County in the District of New Mexico, the defendant, **THOMAS R. RODELLA,** during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, conspiracy against the free exercise of civil rights as charged in Count 1 of this indictment, and deprivation of civil rights under color of law, as charged in Count 2 of this indictment, knowingly carried and brandished a firearm, and in furtherance of such crime, possessed and brandished said firearm.

All in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

### Count 4

On or about March 12, 2014, in Rio Arriba County in the District of New Mexico, the defendant, **THOMAS R. RODELLA,** acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made false entries in a document relating to the unreasonable seizure of M.T. on March 11, 2014, with the intent to impede, obstruct and influence the investigation and proper administration of that matter. Specifically, the defendant falsely wrote in a Rio Arriba County Sheriff's Office Supplemental Report that M.T. "entered onto SR 399 without stopping," traveled at "a high rate of speed," "had to swerve off onto the shoulder to avoid colliding with the white sedan," and "accelerated toward me" after stopping on the side of the road. Further, the defendant falsely wrote that "I was concerned for my life and the lives of others as the driver had made more than one attempt to run me over."

All in violation of 18 U.S.C. § 1519.

Count 5

On or about March 12, 2014, in Rio Arriba County in the District of New Mexico, the defendant, **THOMAS R. RODELLA, JR.** acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified and made false entries in a document relating to the unreasonable seizure of M.T. on March 11, 2014, with the intent to impede, obstruct and influence the investigation and proper administration of that matter. Specifically, the defendant falsely wrote in a Rio Arriba County Sheriff's Office Supplemental Report that M.T. "pulled out in front of us in an erratic manner," "entered our lane on SR 399 without stopping at the end of the residential road which he exited and without looking out for any oncoming traffic," "swerved off onto the shoulder" when "he came up on the white sedan," "accelerated towards" the defendant's father, Defendant **THOMAS R. RODELLA**, "almost hitting my father" and "almost colliding into our Jeep Wrangler." Further, the defendant falsely wrote that M.T. "had already displayed recklessness and disregard for anyone else."

All in violation of 18 U.S.C. § 1519.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney

8/12/2014 3:03 PM

6