IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 14-2783 JB |
| vs. | ) |
| **THOMAS R. RODELLA** and **THOMAS R. RODELLA, JR**, | ) |
| Defendants. | ) |

## NOTICE OF INTENTION TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States hereby notifies Defendant of its intention to introduce during its case-in-chief at trial of this matter the evidence described below. The United States submits that all such evidence is relevant to the issues to be tried before the jury in this case, both as direct evidence of the charges in the indictment herein and pursuant to the provisions of Federal Rules of Evidence 401, 402, 403 and 404. The United States, therefore, respectfully requests that the Court make appropriate pre-trial findings in support of the admissibility of such evidence.

## FACTUAL BACKGROUND

In this case, Defendant is alleged to have unlawfully pursued and seized M.T. as a result of a driving encounter on Highway 399. Defendant, riding in his personal Jeep SUV with his son, rapidly approached M.T.'s Mazda from behind and began tailgating and flashing headlights at M.T. M.T. pulled over to the side of the road, at which time Defendant's Jeep stopped a short distance in front of M.T.'s Mazda. Defendant and his son, both wearing plain clothes, exited the Jeep and approached M.T. in a threatening manner, gesturing as if to invite a physical

confrontation. M.T., not knowing that Defendant was the Sheriff of Rio Arriba County and fearing for his safety, drove away from Defendant. A pursuit and confrontation ensued.

## **OTHER ACTS**

The United States intends to present evidence that, only about two months before the incident with M.T., Defendant engaged in highly similar conduct towards Yvette Maes, a 52-year-old woman, in Rio Arriba County. Maes is expected to testify that, while driving home one night, a vehicle rapidly approached her own from behind and began tailgating her. She slowed down to let the other vehicle pass but the vehicle continued to tailgate her for some time. When the other vehicle finally passed Maes, she flashed her high beam headlights at it. The vehicle then activated emergency lights and pulled over a short distance in front of Maes. Defendant exited the vehicle, appearing visibly upset, and asked Maes what she thought she was doing by flashing her lights at him. Defendant told Maes that flashing high beams was a form of road rage. Maes told Defendant that his tailgating her was also a form of road rage. Defendant asked Maes why she didn't just pull over, and Maes told her that it was dark and she could not tell who was driving behind her. Defendant said that he was responding to an emergency. Maes said that if there was an emergency, Defendant should have turned on his emergency lights and passed her. Defendant asked Maes if she should go to jail. Maes said that if Defendant thought it was appropriate, then Defendant should take her to jail. Defendant walked back to his car and drove away.

Defendant's statements to Maes are admissible as admissions by a party-opponent pursuant to Rule 801(d)(2). The surrounding circumstances, including Defendant's actions leading up to his statements, are admissible to supply context for the admissions. But as an

additional theory of admissibility, the United States hereby provides notice that the entirety of the Maes incident is admissible pursuant to Rule 404(b) as evidence of intent, knowledge, identity, absence of mistake and lack of accident. Further argument will be supplied at an appropriate time.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on August 29, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence, Attorney for Thomas R. Rodella
Jason Bowles, Attorney for Thomas R. Rodella, Jr.

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney