IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )   )   Plaintiff, )   )   vs. )   )   THOMAS R. RODELLA and )   THOMAS R. RODELLA, JR. )   )   Defendant. ) | Case No.: 14-CR-2783 JB |

**MOTION REQUESTING THE COURT TO CONDUCT AN *IN CAMERA* REVIEW OF THE GRAND JURY PROCEEDINGS WHICH RESULTED IN THE INDICTMENT OF THOMAS R. RODELLA TO DETERMINE IF THE GRAND JURY WAS APPROPRIATELY INSTRUCTED WITH REGARD TO COUNT 4 AND, IN THE EVENT THAT THE GRAND JURY WAS MISINSTRUCTED, TO DISMISS THAT COUNT WITHOUT PREJUDICE**

The Defendant, Thomas R. Rodella, by and through his counsel of record, Robert J. Gorence and Louren Oliveros of Gorence & Oliveros, P.C., requests that the Court conduct an *in camera* review of the Grand Jury proceedings which resulted in the indictment of Thomas R. Rodella to determine if the Grand Jury was appropriately instructed with regard to Count 4 and, in the event that the Grand Jury was misinstructed, to dismiss that count without prejudice. Mr. Rodella asserts that he has not yet received the grand jury transcripts which resulted in the indictment which was returned on August 12, 2014. As such, Mr. Rodella does not have the information to determine whether or not the Grand Jury was appropriately instructed that Count 4, which alleges a violation of 18 U.S.C. § 1519, is a *specific intent* crime. Assuming that the Grand Jury was misinformed of the elements of the crime, Mr. Rodella asserts that the indictment is invalid with regard to that Count and would request that it be dismissed without prejudice. As grounds for this motion, Mr. Rodella states as follows:

Count 4 of the Indictment against Mr. Rodella alleges that on or about March 11, 2014, Mr. Rodella violated 18 U.S.C. § 1519 by "falsely [writing] in a Rio Arriba County Sheriff's Office Supplemental Report that M.T. 'entered onto SR 399 without stopping,' traveled at 'a high rate of speed,' 'had to swerve off onto the shoulder to avoid colliding with the white sedan,' and 'accelerated toward me' after stopping on the side of the road.  Further the defendant falsely wrote that 'I was concerned for my life and the lives of others as the driver had made more than one attempt to run me over.'"

18 U.S.C. § 1519 provides:

> Whoever *knowingly* alters, destroys, mutilates, conceals, overs up, falsifies, or makes a false entry in any record, document, or tangible object *with the intent to impede, obstruct, or influence* the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

Although the Tenth Circuit has not yet addressed the issue, in order to be convicted of violating 18 U.S.C. § 1519, the government must prove that a defendant acted with a *specific intent* to violate the law and criminal liability may only be imposed on those who act with consciousness of their wrongdoing.  *United States v. Stevens,* 771 F.Supp.2d 556 (M.D. 2011).  *See also United States v. Moyer,* 726 F.Supp.2d 498, 509-10 (M.D.Pa. 2010), *United States v. Kun Yun Jho,* 465 F.Supp.2d 618, 637 n. 9 (E.D.Tex. 2006), *rev'd on other grounds by United States v. Jho*, 534 F.3d 398 (5th Cir. 2008), *United States v. Velasco,* 2006 WL 1679586 at *4 (M.D.Fla. 2006).

The request which Mr. Rodella now makes is the same request made by Ms. Stevens after the government obtained an indictment against her which alleged that she had obstructed a Food and Drug Administration (FDA) investigation by withholding and concealing documents and other information about GlaxoSmithKline's (GSK) promotional activities for a weight loss drug.  *United*

*States v. Stevens,* 771 F.Supp.2d 556 (M.D. 2011). There, responding to the FDA inquiry, Ms. Stevens was assisted by GSK in house counsel as well as outside counsel. Her defense to the allegation was that she had relied in good faith on the advice of counsel in responding to the FDA's inquiry and that such reliance negated the specific intent to obstruct the FDA investigation or to make false statements. As such, Ms. Stevens moved for disclosure of the Government's presentation to the grand jury, arguing that disclosure was warranted pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) because the Government may have failed to properly instruct the grand jury regarding the advice of counsel defense and may have failed to present critical exculpatory evidence. In response to Ms. Stevens' motion, the Government filed both a redacted and an unredacted opposition. After reviewing the grand jury transcript, the District Court "[had] grave doubts as to whether the decision to indict was free from the substantial influence of the improper advice of counsel information" and dismissed the indictment without prejudice. *Stevens*, 771 F. Supp. 2d 556, 568.

      The law is clear with regard to the role and function of the grand jury. The grand jury is charged with the dual responsibilities of "determin[ing] whether there is probable cause to believe a crime has been committed and [ ] protect[ing] citizens against unfounded criminal prosecutions." *United States v. Calandra,* 414 U.S. 338, 343, 94 S.Ct. 613, 617, 38 L.Ed.2d 561 (1974). In this way, the grand jury serves as the "protector of citizens against arbitrary and oppressive government action." *Id.*

      Here, Mr. Rodella has doubts as to whether the decision to indict on Count 4 was free from substantial influence of the prosecution not appropriately instructing the jury regarding the *mens rea* required to violate 18 U.S.C. § 1519. Where a prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment is subject to dismissal if the misstatement casts

"grave doubt that the decision to indict was free from the substantial influence" of the erroneous instruction. *Bank of Nova Scotia v. United States,* 487 U.S. 250, 256, 108 S.Ct. 2369, 2371, 101 L.Ed.2d 228 (1988)." *Id.* Mr. Rodella has no basis, at this point, to assert that the prosecutors engaged in "willful prosecutorial misconduct" and thus does not seek a dismissal with prejudice. *United States v. Feurtado,* 191 F.3d 420, 424 (4th Cir.1999). As such, Mr. Rodella simply requests the Court to conduct an *in camera* review and, if the grand jury was in fact misinstructed, to dismiss Count 4 without prejudice or, in the alternative, to disclose the grand jury transcripts to Mr. Rodella for further briefing.

        Respectfully submitted,

        /s/ Robert J. Gorence
        Robert J. Gorence
        Gorence & Oliveros, P.C.
        1305 Tijeras Avenue, NW
        Albuquerque, NM 87102
        Email: gorence@golaw.us
        Phone: (505) 244-0214
        Fax: (505) 244-0888

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF this 4th day of September, 2014.

/s/ Robert J. Gorence
Robert J. Gorence