IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **THOMAS R. RODELLA**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' PROPOSED VOIR DIRE

The United States of America submits the following proposed voir dire questions in the above-styled cause. This submission is made with the assumption that the Court will voir dire the panel regarding medical and scheduling issues, knowledge or relationship toward the parties and witnesses, exposure to media coverage of this case, and general views on law enforcement.

1. Jury Service

    a. How many of you have served on a jury before?

    b. Was it a civil or a criminal jury?

    c. When and where did you serve?

    d. Did you reach a verdict?

    e. Were you a foreperson of the jury?

    f. Is there anything about your previous jury service that would make it difficult for you to sit as a juror on this case?

2. Court Experience

    a. Have any of you ever been a witness, a litigant, or a court employee?

    b. Have you or any family member or a close friend ever been the victim of a crime?

    c. Has anyone here ever accused anyone of a crime, or been accused of a crime?

    d. Has anyone here testified in a court case?

3. Evidence

    a. There are many television shows and movies dealing with law enforcement, such as CSI, in which DNA or fingerprint evidence solves the crime. In this case, there is no video recording of the incident, and there will not be the type of biological DNA evidence that will answer all the questions for you. Primarily, you will be asked to consider the testimony of witnesses, including the victim.

    b. Who here thinks they may find it difficult to find the defendant guilty beyond a reasonable doubt based primarily on witness testimony?

    c. If you believed the victim, would you find the defendant not guilty simply because there is no video and no DNA evidence in this case?

4. Credibility

    a. In the real world, most events are usually not recorded on video, and instead the critical evidence is the testimony of witnesses. In this case, you will be asked to evaluate the credibility of various witnesses.

    b. Who here has had to make a decision, such as a decision to discipline a child or an employee, based on whether or not you believed a person's statement?

    c. How do you evaluate a person's credibility?

    d. Do you consider consistency, corroboration and character?

    e. Is anyone here uncomfortable with being in the position of evaluating the credibility of witnesses?

5. Elected Sheriff

   a. In this case, the defendant is the elected sheriff of Rio Arriba County.

   b. Does anyone here believe that the United States should not prosecute elected officials?

   c. Is there anything about the defendant's position that might make it difficult for you to sit as a fair and impartial juror in this case?

6. Constitution

   a. In this case, one of the elements of the crimes charged in the indictment asks whether the defendant violated the victim's right to be free of unreasonable seizure and the unreasonable use of force, which is protected by the Fourth Amendment of the U.S. Constitution.

   b. Does anyone have any strong views one way or the other about the Fourth Amendment?  That is, does anyone think that it should provide citizens with even more protection?  Or on the other hand, does anyone believe that the Fourth Amendment interferes too much with police doing their job?

   c. Does anyone think that the Fourth Amendment should not apply to a county sheriff?

   d. Judge Browning will provide you with guidance about the meaning of the Fourth Amendment, but ultimately you will have to decide whether the defendant's actions were reasonable under the Constitution.  Does anyone have any doubt about his or her ability to do that task fairly and impartially?

7. Sitting in Judgment

   a. Is there anyone of you who feels you cannot sit in judgment of your fellow men?

b.  Would any of you have difficulty in judging the guilt or innocence of the defendant because of moral or religious reasons?

c.  Does everyone understand that you are not sitting in moral judgment, but simply as judges of the facts?

d.  Do any of you belong to an organization that seeks to promote the rights of prisoners?

e.  At the end of the trial, Judge Browning will instruct you that should not consider the possible penalties during your deliberations. Does anyone think they might have trouble putting aside any possible penalties, and rendering a verdict of guilty or not guilty based solely on the evidence presented at trial?

f.  Does anyone have strong feelings one way or the other toward the United States Government, the FBI, the U.S. Department of Justice, or the United States Attorney's Office?

g.  If you were the attorney for the United States or the attorney for the defense, would you be uncomfortable with yourself as a juror?

h.  If the United States met its burden of proof, would any here have any problems holding the defendant responsible for his actions, that is, finding him guilty?

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607

4

                                                Albuquerque, New Mexico 87103
                                                (505) 346-7274

I HEREBY CERTIFY that on September 8, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence, Attorney for Thomas R. Rodella

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney