IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 14-CR-2783 JB ) |
| THOMAS R. RODELLA and THOMAS R. RODELLA, JR. | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S PROPOSED *VOIR DIRE* QUESTIONS

The Defendant, Thomas R. Rodella, by his attorney, Robert J. Gorence of Gorence & Oliveros, P.C. proposes the following questions to be asked by Defendant's counsel of the panel during the voir dire examination:

**I.  Connection to and credibility of law enforcement officers**

1. How many of you have worked in, applied to or had training in law enforcement, or have a family member or close friend who has worked or trained in law enforcement?

2. Are you or any of your family members or close friends connected, in any way, with a law enforcement agency?

3. Have any of you, or a close family or friend, had experiences with police officers before? Please describe these experiences. How does these experiences shape the way you view police officers? Would any of these experiences cause you to consciously or subconsciously favor or disfavor the police?

4. How many of you think federal law enforcement agencies rarely make a mistake nowadays? Why? What could cause a law enforcement investigator to accuse the wrong

1

person?

5. Does anyone here believe they have been the victim of excessive use of force by law enforcement? Please explain.

## II. Burden of proof

As the Court has instructed you, the burden is on the prosecution to prove beyond a reasonable doubt that Mr. Rodella is guilty; it is not for the defense to prove that Mr. Rodella is innocent.

1. Do any of you have any problem with that fundamental principle of criminal law?

2. Do you think it is as important to uphold the law that a person is innocent until proven guilty beyond a reasonable doubt as it is to uphold laws protecting citizens.

## III. Reasonable doubt

During this trial the government will present evidence. It is your job, as jurors and the fact finders, to determine what parts of that evidence are facts and whether those facts prove the government's charges beyond a reasonable doubt.

1. If you heard the evidence and felt Mr. Rodella could be guilty, but you weren't convinced beyond a reasonable doubt, is there anyone who could not return a verdict of Not Guilty?

2. Would any of you worry that you had not done your duty as a juror, if you voted Not Guilty because the evidence did not prove the government's case beyond a reasonable doubt?

3. Shows like Law & Order and C.S.I. permeate the media. Based on these kind of programs, or your personal experience, is there anyone here that has preconceived expectations

of the kind of evidence that you would expect at a trial of this nature for the Government to prove its burden?

## IV. Prior Jury Experience

1. Nature of cases? Verdicts? Foreperson? Experience that could influence you as a juror in this case?

## V. Qualification as Juror/Hardship

1. Is there any reason – personal, financial, physical or philosophical – that any one can't sit on this case, listen to all of the evidence and decide the case fairly and justly on the basis of the evidence presented here in Court?

## VI. Follow-Up on Court's *Voir Dire* Regarding Civil Rights

In this case, you will hear allegations that Sheriff Rodella used excessive force when he arrested Michael Tafoya.

1. Have any of you been the victim of a beating or the use of force by any person? What happened?

   a. How did you feel after the incident?

   b. Did you have bruising or marks on you after being hit?

   c. How was the situation resolved?

Respectfully submitted,

/s/ Robert J. Gorence
Robert J. Gorence
Gorence & Oliveros, P.C.
1305 Tijeras Avenue, NW
Albuquerque, NM 87102
Email: gorence@golaw.us
Phone: (505) 244-0214
Fax: (505) 244-0888

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF this 8th day of September, 2014.

/s/ Robert J. Gorence
Robert J. Gorence