IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **THOMAS R. RODELLA**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' OMNIBUS MOTION *IN LIMINE*

The United States hereby files this omnibus motion *in limine*:

### FACTUAL BACKGROUND

On August 12, 2014, a federal grand jury sitting in Albuquerque, New Mexico, returned a five-count Indictment charging the defendant with violations of Title 18, United States Code, Sections 241, 242, 924(c) and 1519.[1] The Indictment alleges that the defendant, while acting under color of law, unreasonably seized M.T. by pursuing, assaulting and causing his unlawful arrest. These actions involved Defendant Thomas Rodella's use of a dangerous weapon (a silver revolver) and caused bodily injury, and willfully deprived M.T of the rights preserved and protected by the Constitution and laws of the United States to be secure in his person and to be free from unreasonable seizure by one acting under color of law.

To prove a felony violation of 18 U.S.C. § 242, the United States must prove, beyond a reasonable doubt, (1) that the defendant acted under color of law; (2) that the defendant deprived M.T. of a right secured or protected by the Constitution or laws of the United States; (3) that the

---

[1] The indictment will be superseded to exclude Thomas Rodella, Jr., who was originally charged along with Defendant Thomas Rodella.

defendant acted willfully; and (4) that M.T. suffered objective bodily harm, or that the acts committed in violation of the statute included the use of a dangerous weapon.  See *United States v. Lanier*, 520 U.S. 259, 264 (1997) (citing *Screws v. United States*, 325 U.S. 91 (1945)); *United States v. Golden*, 671 F.2d 369, 370 (10th Cir. 1982) (citing statute).

1. <u>Motion to Exclude Reference to Potential Punishment in This Case</u>

The United States respectfully moves that this Court exclude all direct or indirect reference to, or evidence of, the sentence that might be imposed if the defendant is convicted of the offenses charged.  Any such reference or evidence is inadmissible because it is irrelevant and would be unfairly prejudicial.

It is well-established that, unless the jury has a role in sentencing, the jury may not, in reaching its verdict, consider what sentence might be imposed.  *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)).  This principle is a reflection of the basic division of labor in our legal system between judge and jury.  The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged.  The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict.  *Shannon*, 512 U.S. at 579.  Therefore, information regarding what sentence might be imposed following a guilty verdict is irrelevant to the jury's task, *Shannon*, 512 U.S. at 579, and the jury is not to consider the potential punishment that could result from conviction. *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (unless statute specifically requires jury participation in determining punishment, jury shall not be informed of possible penalties); United *States v. Delgado*, 914 F.2d 1062, 1067 (8th Cir. 1990); *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir.) (jury instructions on sentencing are inappropriate), *cert.*

*denied*, 400 U.S. 829 (1970); *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995); *United States v. Broxton*, 926 F.2d 1180, 1183 (D.C. Cir.), *cert. denied*, 499 U.S. 911 (1991).

Moreover, [t]o inform the jury that the court may impose a minimum or maximum sentence, will or will not grant probation, when a defendant will be eligible for a parole, or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided. *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962). Thus, providing sentencing information to the jury invites [jurors] to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion. *Shannon*, 512 U.S. at 579. Indeed, it has been recognized that the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law. *Johnson*, 62 F.3d at 850-51. Just as it would be improper for the court to instruct the jury as to its power to nullify, [an] attorney's attempt to achieve the same end indirectly, by arguing the severity of the punishment to the jury, is equally impermissible. *United States v. Manning*, 79 F.3d 212, 219 (1st Cir.), *cert. denied*, 519 U.S. 853 (1996).

In fact, Criminal Pattern Jury Instruction 1.20 for the Tenth Circuit reads as follows:

"If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict."

Since the jury is not permitted to consider punishment in its deliberations, counsel should refrain from introducing such evidence during voir dire and trial.

Accordingly, this Court should exclude all direct or indirect reference to, or evidence of, the sentence that might be imposed if the defendant is convicted of the offenses charged in this case.

2. <u>Motion To Prohibit Defense Counsel From Making Autobiographical References To The Jury</u>

The United States requests the Court order that defense counsel be prohibited from speaking (directly or indirectly) to the venire panel or to the seated jury at any time during the above-captioned proceedings about counsel's historical narrative (*i.e.* schools attended, political commentary and philosophy, athletic achievements, appearances before the media, charitable affiliations, personal achievements, qualifications, professional background and insight, prior military service and decorations, prior associations, etc.).  In particular, defense counsel should be prohibited from mentioning their past employment with the United States Attorney's Office. Such autobiographical references by trial counsel would not be relevant under Federal Rule of Evidence 401; and they would be confusing and misleading under Rule 403 by distracting the jury from its duty to evaluate the facts and evidence relevant to the charged conduct.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  The rules define relevant evidence as that having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Autobiographical references of trial counsel bear no relation to Defendants or the criminal conduct with which they are charged, and cannot by definition make the existence of any fact that is of consequence in the case more or less probable. Accordingly, the above references should be excluded as irrelevant under Rules 401 and 402.

Furthermore, any autobiographical references by trial counsel should be barred under Rule 403, which provides for the exclusion of evidence whose "probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The presentation of the personal histories of trial counsel would improperly bolster the arguments and presentation of counsel and create a sideshow designed to distract the jury from its sworn duty.

Consequently, the United States requests that the Court prohibit defense counsel from making autobiographical references to the venire panel or to the jury during the entirety of these proceedings, to include closing argument.

3. <u>United States' Motion *in Limine* to Prohibit Comment on Matters Not Relevant to the Charged Offenses</u>

The United States moves this Court to enter an order disallowing any mention of the Hyde Amendment and any matters discussed in Attachment A to the Notice (Doc. 22). As the Court is aware, there is no requirement or procedure for filing such a Notice. The United States will not speculate as to the purpose for filing such Notice immediately before trial; however, it is clear it could not be legitimately related to the defense of defense counsel's clients. Attachment A, which is the supposed basis for such notice, is simply a letter authored by the defense. The letter comments on the Hyde Amendment, a vendetta, and Defendant Thomas Rodella's troubles with the USFWS. Furthermore, in posturing before the media, defense counsel also has commented on civil rights complaints arising out of recent APD-involved shootings. The matters contained in defense counsel's letter (Attachment A), the Hyde Amendment and APD-involved shootings are inadmissible under Fed. R. Evid. 401 because they have no relevance to the charged offenses. Furthermore, such "evidence" is inadmissible under Fed. R. Evid. 403 because it would only serve to confuse and prejudice the jury.

The United States' sole interest is to obtain a fair trial. Such hyperbole only serves to thwart that goal. Therefore, the United States respectfully requests that the Court prohibit

defense counsel from mentioning to the venire panel and trial jury the Notice, the matters contained within Attachment A to the Notice, and civil rights complaints concerning APD-involved shootings.

   4. <u>Motion to Exclude Evidence of Defendant's Good Conduct</u>

The United States respectfully moves that this Court exclude from trial evidence of, or reference to, the defendant's specific instances of good conduct, including but not limited to, evidence of awards, commendations, or recognition he has received during his career in law enforcement. Such evidence would constitute improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a) and therefore should be excluded.

Evidence of specific instances of good conduct by the defendant, or of awards, commendations, or other recognition he received, is inadmissible under Federal Rule of Evidence 404(a)(1), because the evidence does not relate to a character trait that is pertinent, or relevant to, the criminal charges in this case. Second, even if the evidence related to a pertinent trait, evidence of the defendant's specific acts of good conduct would still be inadmissible under Rule 405(a), which governs the form of character evidence, and allows evidence only as to the reputation of the defendant or as to a witness's opinion of the defendant's pertinent character trait. The Rule prohibits the introduction of evidence relating to specific instances of conduct reflecting the character trait.

   a) *Evidence of Specific Instances of Good Conduct by the Defendant Constitutes Inadmissible Character Evidence.*

Rule 404(a) of the Federal Rules of Evidence generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity therewith on a particular occasion. The Rules general prohibition against character evidence contains three

exceptions, one of which governs the admissibility of character evidence relating to the accused.[2] *See* Fed.R.Evid. 404(a)(1).  The exception concerning the character of the accused specifies that such evidence is admissible only if it relates to a pertinent, or relevant, character trait.  *See* Fed.R.Evid. 404(a)(1).  In *United States v. Neighbors*, 23 F.3d 306, 310 (10th Cir. 1994), the Tenth Circuit held that the trial court properly excluded a defendant's good character evidence because evidence that the defendant was asked to serve on the board of a substance abuse center because of his strong advocacy against drug abuse was not material to whether the defendant, a pharmacist, had violated federal drug statutes by over-ordering several kinds of drugs on behalf of the pharmacy where he worked and converting them to his own use.  *See also United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's dedication, aggressiveness and assertiveness in investigating drug dealing and carjacking was neither pertinent to, nor an essential element of, bribery, conspiracy, or drug and firearms charges with which he was charged); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1990) (holding that the trial court properly excluded evidence of a police officer's prior commendations because the traits which they purport to show -- bravery, attention to duty, perhaps community spirit -- were hardly pertinent to the crimes [of perjury and conspiracy to commit mail fraud] of which [the defendant] stood accused).

     In this case, character evidence offered to prove the general good character of the defendant -- such as effectiveness, attention to duty, commitment to public service, kindness, professionalism, or dedication -- is not admissible because it is not pertinent to the civil rights charges brought against the defendant.  Although a defendant's character for law-abidingness is

---

[2] Rule 404(a)(2) contains an exception for character evidence concerning the victim and Rule 404(a)(3) contains an exception for character evidence concerning a witness.

always pertinent, *see United States v. Yarborough*, 527 F.3d 1092, 1102 (10th Cir. 2008), and although a defendant's character for peaceableness may be pertinent in this case, evidence of the defendant's successful performance of his duties as a law enforcement officer or evidence of specific acts of helpfulness to the public does not constitute evidence of his law-abiding or peaceful character.  Thus, evidence of the defendant's specific good acts, commendations, and awards is irrelevant and should be excluded as impermissible character evidence.

   b) *Any Admissible Character Evidence Must be Limited in Form to Testimony as to the Witness's Opinion of the Defendant or the Defendant's Reputation.*

Even if evidence of the defendant's prior good acts were indicative of a pertinent character trait or of general law-abidingness, the form of that evidence would be governed by Federal Rule of Evidence 405(a), which limits such evidence to testimony as to reputation or by testimony in the form of an opinion.  Fed.R.Evid. 405(a).  Proof of specific instances of conduct is not permitted under the Rule.  *See United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (finding that trial court properly excluded defendant's proffer of specific instances of good character).[3]  *See also, United States v. Ellisor*, 522 F.3d 1255, 1270-71 (11th Cir. 2008); *United States v. Benedetto*, 571 F.2d 1246, 1250 (2d Cir. 1978) (finding that trial court should not have permitted defense witness to establish defendant's good character by referring to specific good acts).

For these reasons, evidence concerning Defendant Thomas Rodella's good character should be disallowed.

---

[3] Rule 405(b) permits specific instances of conduct to prove character only in cases in which the character trait at issue is an essential element of a charge, claim, or defense.  For example, in a defamation or libel case, damage to the reputation of the complainant is an essential element of the charge.  *See Schafer v. Time, Inc*., 142 F.3d 1361, 1371-72 (11th Cir. 1998).  In this case, the defendant's character is not an essential element of any charge or defense.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 9, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence, Attorney for Thomas R. Rodella

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney