IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **THOMAS R. RODELLA**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' MOTION _IN LIMINE_ TO PERMIT EVIDENCE OF RIO ARRIBA COUNTY SHERIFF OFFICE PROCEDURES AS PART OF THE TRAINING MATERIALS

The United States moves this Court to permit evidence regarding the Rio Arriba County Sheriff Office's (RASO) Practices and Procedures for the limited purposes stated below:

### INTRODUCTION

This case involves the allegation that Defendant Rodella tailgated, chased, assaulted and caused the arrest of M.T. on March 11, 2014 in a fit of road rage. Defendant's unlawful conduct led to the instant indictment that charges the defendant with depriving the victim of his constitutional right to be free from unreasonable seizure and the use of unreasonable force. A large part of Defendant's conduct included an unlawful "hot pursuit" of the victim.

In October 2010, Defendant Rodella attended a two-week course at the New Mexico Law Enforcement Academy to become re-certified as a law enforcement officer prior to assuming his new position as Rio Arriba County Sheriff in January 2011. During that course, the defendant was thoroughly instructed on proper pursuit procedures. Part of the training required the defendant to review and discuss Rio Arriba County Sheriff's Office (RASO) procedures for conducting pursuits.

The United States proposes to offer during its case-in-chief relevant evidence of the training Defendant received, to include RASO's pursuit procedures, for the limited purpose of showing the defendant's knowledge. The evidence would be offered via testimony by Defendant's instructors and the introduction of the actual training materials provided to the students during the classes.

**LEGAL AUTHORITY**

To prove the Defendant Rodella's conduct was willful within the meaning of 18 U.S.C.§ 242, the United States must establish that he acted with the specific intent "to deprive a person of a right which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them." *Screws v. United States,* 325 U.S. 91, 104 (1945). A "willful act" is one committed either "in open defiance or in reckless disregard of a constitutional requirement which had been made specific and definite." *Id.* The defendant must know that what he is doing is wrong and yet choose to do it anyway, although he need not be thinking in constitutional terms. *Id.* at 106. The Supreme Court has held that a defendant acts with the requisite specific intent if he acts with a bad purpose - *i.e.,* knowing that his actions are wrong - with the effect of violating a clearly established constitutional right. See *United States v. Lanier,* 520 U.S. 259 (1997).

As this Court has noted, the Tenth Circuit has held that evidence of the defendant's training in a civil rights case is admissible to demonstrate the reasonableness of the defendant's actions. *Montoya v. Sheldon,* 2012 WL 5476882 at *13 - 14 (D.N.M) ("The Court, therefore, reads *Weigel v. Broad* as establishing that evidence of training is relevant and admissible evidence of what is reasonable under the Fourth Amendment."); *Weigel v. Broad,* 544 F.3d 1143,

1154, 1155 (10th Cir. 2008) ("the reasonableness of an officer's actions must be assessed in light of the officer's training").

Prior to its opinion in *Montoya,* this Court explicitly permitted evidence of the defendant's training on the use of a non-lethal firearm and on proper uses of force in a law enforcement setting to show the defendant's state of mind and knowledge. *United States v. Gould,* 2007 WL 1302596 at *1. In *Montoya,* this Court explained its decision in *Gould* stating that it "distinguished between a defendant's conformity to SOPs as evidence of the objective reasonableness of a defendant's conduct and evidence of what he learned about the SOPs in his training as evidence of his subjective willfulness." *Montoya,* at 13, n. 5. In its limiting instruction, this Court cautioned the jury: "You can only use the testimony about the training for determining the defendant's state of mind or their knowledge." *Id.[1]*

In the instant case, the United States proposes to offer evidence of the defendant's training, which included training on RASO's SOPs, for the limited purpose of demonstrating the defendant's state of mind and his knowledge. This is critical evidence given that the United States carries the burden of proving beyond a reasonable doubt that the defendant acted willfully, *i.e.,* that Defendant Rodella knew during the pursuit of the victim that what he was doing was wrong, and yet chose to do it anyway.

The United States is aware of the rulings of this Court and those of the Tenth Circuit, which have held that violations of SOPs do not rise to the level of a constitutional violation. This Court has recently discussed the prohibitive use of SOP violations in *Ysasi v. Brown,* 2014 WL 936326 (D.N.M.). Here, however, the United States does not intend to elicit opinion testimony as to whether Defendant Rodella violated RASO's SOPs or whether such violations

---

[1] The United States has submitted a jury instruction that comports with the limited use instruction approved and used by this Court in *Gould.*

represent a violation of the victim's constitutional rights. Rather, the United States proposes to offer evidence of the defendant's training, which included a review of RASO's SOPs, only to show his state of mind and knowledge. As this Court has noted, evidence of a defendant's training on SOPs is admissible to demonstrate the defendant's subjective willfulness. The United States seeks to do no more with such evidence.

Furthermore, the relevance of RASO's Policies and Practices is heightened by the fact that, upon becoming sheriff in January 2011, the defendant expressly prescribed and adopted the RASO procedures as his own.[2] Consequently, these procedures are the defendant's own admissions and admissible as non-hearsay. Fed. R. Evid. 801(d)(2)(B).

## CONCLUSION

Accordingly, the United States respectfully requests that the Court follow the same framework as described in *Gould,* and permit evidence of relevant training that the defendant received to aid in determining whether the constitutional violation was willful.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 9, 2014, I filed the
foregoing electronically through the CM/ECF system, which

---

[2] The introduction to RASO's Policies and Practices reads, in pertinent part: "I do hereby prescribe and adopt the following as the Standard Operating Procedures Manual of the Rio Arriba Sheriff's Office."

caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence and Louren M. Oliveros
Counsel for Thomas R. Rodella

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney