IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THOMAS R. RODELLA and )<br>THOMAS R. RODELLA, JR. )<br>)<br>Defendant. ) | Case No.: 14-CR-2783 JB |

## DEFENDANT'S MOTION TO STRIKE
## EXPERT TESTIMONY OF MANUEL T. OVERBY

The Defendant, Thomas R. Rodella, by his counsel of record, Robert J. Gorence and Louren Oliveros of Gorence & Oliveros, P.C., hereby requests that this Court strike the testimony of government expert Manuel T. Overby, as his testimony is neither probative nor relevant to the instant case. In support of his Motion, Mr. Rodella states as follows:

### FACTUAL BACKGROUND

Thomas R. Rodella was indicted by a grand jury on August 12, 2014. The indictment alleges that Mr. Rodella, acting in his capacity as the Sheriff of Rio Arriba County, threatened, intimidated and used excessive force against Michael Tafoya on March 11, 2014. The indictment alleges that Mr. Rodella engaged in a high-speed pursuit and unreasonable seizure of Mr. Tafoya and assaulted Mr. Tafoya with a silver revolver. At trial, Mr. Rodella will present evidence that these allegations never took place. Mr. Rodella never assaulted Mr. Tafoya and the allegations were not made until two weeks after Mr. Tafoya was released from jail.

1

On August 27, 2014, the government filed the United States' Notice of Intention to Offer Expert Testimony. The notice sets forth that the government intends to call Manuel T. Overby as an expert in the field of "law enforcement use of force, defensive tactics and emergency vehicle operations." *See* United States' Notice, Doc. 34, p. 1. It appears from the notice that the government intends to call Mr. Overby to testify that Mr. Rodella did not comply with standard operating procedures. Specifically, the government's notice states that:

> Overby has reviewed witness statements and reports produced in this matter, as well as training records and materials relating to the Defendant and relating to national law enforcement standards. He will define terms used in his field, educate the jury regarding nationally accepted law enforcement procedure and practice, and present opinions applying those procedures and practices to the facts.

*See* United States' Notice, Doc. 34, p. 1.

The government states that Overby will opine that Mr. Rodella violated nationally accepted law enforcement procedures in his interactions with Mr. Tafoya. *See* United States' Notice, Doc. 34, Exhibit 2. This type of expert testimony is not only disallowed in the Tenth Circuit, but the evidence is neither relevant nor probative to establish whether or not Mr. Rodella used excessive force in this case. As a result, the testimony should be stricken.

**ARGUMENT**

The determination of whether evidence is relevant lies within the sound discretion of the trial court and the court's determination will not be reversed absent a clear showing of an abuse of that discretion. *United States v. Neal,* 718 F.2d 1505, 1509-10 (10th Cir. 1983), *cert. denied*, 469 U.S. 818 (1984). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *United States v. Medina-Copete*, 757 F.3d 1092, 1105 (10th Cir. 2014) (quoting Fed.

R. Evid. 401). While the threshold is not high, there must be "sufficient materiality and probative value to 'provide a fact-finder with a basis for making some inference, or chain of inferences.'" *Medina-Copete*, 757 F.3d at 1105-06 (quoting *United States v. Jordan,* 485 F.3d 1214, 1218 (10th Cir. 2007)).

In this case, Mr. Rodella is charged with the violation of 18 U.S.C. § 241 and § 242, 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 1519. After an exhaustive search, there appears to be no criminal cases on this issue within the Tenth Circuit where testimony on standard operating procedures has been admitted at trial. In this district, evidence regarding the violation of standard operating procedures is not admissible to prove a constitutional violation in civil rights cases, and the rule should be no different in this case, where the violation of civil rights is the basis for the criminal charges. *See Solis-Marrufo v. Bd. of Com'rs for County of Bernalillo*, 2013 WL 1658278, at *12 (D.N.M. 2013) ("In the cases in which the Court has addressed this issue, most, and all recent, cases have ruled that evidence regarding the violation of police procedure is not admissible in a § 1983 excessive force case."); *see also Montoya v. Sheldon,* 2012 WL 5476882, at **9–10 (D.N.M. 2012); *Mata v. City of Farmington,* 798 F.Supp.2d 1215, 1219 (D.N.M. 2011) (excluding, under rule 402, "evidence that the Defendant Officers did not follow SOPs and police training, because this evidence is not relevant"); *Jonas v. Bd. of Comm'rs of Luna Cnty.,* 699 F.Supp.2d, 1284, 1299 (D.N.M. 2010) ("The clearly established law also does not permit a plaintiff to establish a constitutional violation with evidence that the officers violated SOPs and their training."); *Vondrak v. City of Las Cruces,* 2009 WL 3241555, at *14 (D.N.M. 2009) (concluding that "expert testimony that refers to SOPs or other established law-enforcement standards" was inadmissible under Tenth Circuit precedent).

The trial court has broad discretion to determine whether otherwise relevant evidence should be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Id.* at 1510; *see* also Fed. R. Evid. 403. "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury, or if the evidence otherwise tends to adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to the defendant's guilt or innocence of the crime charged." *Solis-Marrufo*, 2013 WL 1658278, at *15 (citing *United States v. Rodriguez,* 192 F.2d 946, 951 (10th Cir. 1999)).

Here, Mr. Overby's purported testimony that Mr. Rodella did not comply with standard operating procedures is neither probative nor relevant. The testimony will not make the likelihood of Mr. Rodella's use of force on Michael Tafoya during his arrest any more or less probable. Specifically, whether or not Mr. Rodella used a pistol to assault Mr. Tafoya will not be proved by Overby's testimony that Mr. Rodella did not comply with standard operating procedures or national law enforcement standards. If this type of testimony is not admissible in a civil case with regard to whether or not a constitutional violation occurred, it most certainly is not relevant in a criminal case alleging the violation of a civil right.[1]

Further, as the Tenth Circuit illustrated in *Medina-Copete*, 757 F.3d at 1105-06, there must at least be "sufficient materiality and probative value to provide a fact-finder with a basis

---

[1] While it didn't address the issue of relevancy, the Third Circuit has found that testimony regarding the violation of a standard operating procedure in a case charged under 18 U.S.C. § 242 is prejudicial. *See United States v. Tyler*, 124 F. App'x 124, 129 (3d Cir. 2005). In *Tyler*, the Third Circuit found that a defendant was prejudiced by testimony at trial by a witness that policies and procedures were not followed when the victim in that case was beaten. *Id.* The Court held that while this was prejudicial, in *Tyler*, it was only "slightly prejudicial" because the district court instructed the jury that it should not consider any violation of the use of force policy as determinative of the defendant's guilt or innocence. *Id.*

4

for making some inference, or chain of inferences" (internal quotations omitted), and Mr. Overby's testimony simply will not provide the jury with any useful information relating to the charges in this case. As has been made clear in this district regarding civil rights violations, the alleged violation of standard operating procedures has no relevancy to whether or not a violation of a person's civil rights occurred in this instance.

Additionally, even if the Court finds that the expert testimony of Manuel Overby is relevant, the testimony is highly prejudicial. Mr. Overby's testimony regarding "nationally accepted law enforcement procedure and practice" will confuse the jury as to the requirements of the law and runs the risk of inserting standards beyond that which are required by the federal criminal statutes. Furthermore, testimony regarding whether or not Mr. Rodella acted in conformance with national law enforcement standard operating procedures serves only to inflame the jury and convince them that, even if he is not guilty under the criminal statute, he is a bad person who should be convicted regardless. As a result, this testimony would be unfairly prejudicial and should be excluded.

WHEREFORE, for the foregoing reasons, Mr. Rodella requests that this Court strike the expert testimony of government expert Manuel T. Overby and for all such relief this Court deems just and proper.

Respectfully submitted,

/s/ Robert J. Gorence
Robert J. Gorence
Louren Oliveros
Gorence & Oliveros, P.C.
1305 Tijeras Avenue, NW
Albuquerque, NM 87102
Phone: (505) 244-0214
Fax: (505) 244-0888
Email: gorence@golaw.us
Email: oliveros@golaw.us

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF this 9th day of September, 2014.

/s/ Robert J. Gorence
Robert J. Gorence