IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 14-CR-2783 JB |
| | ) | |
| THOMAS R. RODELLA and | ) | |
| THOMAS R. RODELLA, JR. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S NOTICE OF INTENTION TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The Defendant, Thomas R. Rodella, by his attorney, Robert J. Gorence of Gorence & Oliveros, P.C., hereby submits his Response in Opposition to the Government's Notice of Intention to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) [Doc. 35]. In support of his Response, Mr. Rodella states as follows:

### FACTUAL BACKGROUND

Thomas R. Rodella was indicted by a grand jury on August 12, 2014. The indictment alleges that Mr. Rodella, acting in his capacity as the Sheriff of Rio Arriba County, threatened, intimidated and used excessive force against Michael Tafoya on March 11, 2014. The indictment alleges that Mr. Rodella engaged in a high-speed pursuit and unreasonable seizure of Mr. Tafoya and assaulted Mr. Tafoya with a silver revolver.

At trial, Mr. Rodella will present evidence that these allegations never took place. Mr. Rodella never assaulted Mr. Tafoya and the allegations were not made until two weeks after Mr. Tafoya was released from jail.

1

The government now alleges that two months prior to the incident with Mr. Tafoya, Mr. Rodella stopped Yvette Maes for flashing her high beams at Mr. Rodella's vehicle. *See* Government's Notice, Doc. 35, p. 2. The government alleges that during this traffic stop, Mr. Rodella allegedly tailgated Ms. Maes, informed her that flashing her headlights was a form of road rage, and threatened to take her to jail. *Id.* Preliminarily, Mr. Rodella denies that he threatened to arrest Ms. Maes, or that he accused her of "road rage." However, even if the Court were to assume the truth of these allegations as set forth in the government's notice, there is not a correlation between Mr. Rodella allegedly engaging in a traffic stop of an individual for flashing her lights at him and threatening to take her to jail and allegedly using excessive force on someone with a gun and a badge during a traffic stop. In its Notice, the government only states that the statements and actions of Mr. Rodella in the alleged incident with Ms. Maes are "admissible pursuant to Rule 404(b) as evidence of intent, knowledge, identity, absence of mistake and lack of accident," without any analysis whatsoever. The rule is merely parroted to the Court. *See* Government's Notice, Doc. 35, p. 3. In reality, these allegations are neither relevant nor probative to establish whether or not Mr. Rodella used excessive force in this case. The evidence is, however, highly prejudicial and should be excluded.

## ARGUMENT

The determination of whether evidence is relevant lies within the sound discretion of the trial court and the court's determination will not be reversed absent a clear showing of an abuse of that discretion. *United States v. Neal,* 718 F.2d 1505, 1509-10 (10th Cir. 1983), *cert. denied*, 469 U.S. 818 (1984). The trial court has broad discretion to determine whether otherwise relevant evidence should be excluded if the probative value of the evidence is substantially

outweighed by the danger of unfair prejudice. *Id*. at 1510; *see* also Fed. R. Evid. 403. Evidence of other acts is not admissible solely to prove a defendant's criminal disposition or bad nature, but may be admissible in certain circumstances to show knowledge, motive or intent on the part of the actor. *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011); *see also United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000). Fed. R. Evid. 404(b) provides:

> (1) Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) This evidence may be admissible for another purpose, such as proving moving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident . . .

Mr. Rodella acknowledges that the rule is one of inclusion, which generally admits evidence of other crimes relevant to an issue in a trial, unless the evidence is introduced for an impermissible purpose or undue prejudice is shown. *United States v. Parker*, 553 F.3d 1309, 1316 (10th Cir. 2009); *see also United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir. 1988). However, the Tenth Circuit has developed rigorous criteria for admitting evidence of other crimes, wrongs or acts pursuant to Rule 404(b). The government first bears the burden of demonstrating how the proffered evidence is relevant to an issue in the case. *United States v. Harrison*, 942 F.2d 751, 759 (10th Cir. 1991); *see also Cuch,* 842 F.2d at 1176; *United States v. Biswell,* 700 F.2d 1310, 1317 (10th Cir. 1983). In demonstrating the relevance of proffered "other acts" evidence, "the Government must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts." *United States v. Romine*, 377 F. Supp. 2d 1129, 1132 (D.N.M. 2005) (quoting *United States v. Kendall,* 766 F.2d

3

1426, 1436 (10th Cir. 1985)). "[T]here must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *Biswell* at 1317-1318.

"Before such evidence is properly admitted it must tend to establish intent, knowledge, motive or one of the enumerated exceptions; must have real probative value, not just possible worth; and must be reasonably close in time to the crime charged. *Cuch*, 842 F.2d at 1176 (citing *United States v. Hogue,* 827 F.2d 660, 662-63 (10th Cir. 1987). Even if the trial court determines that the "other acts" evidence satisfies the criteria for admission under Rule 404(b), it must balance the evidence's probative value and prejudicial effects under Fed. R. Evid. 403. *Hogue*, 827 F.2d at 663.

Mr. Rodella disputes the allegations in the government's notice. Mr. Rodella has never been charged with any wrongdoing arising out of this alleged confrontation with Ms. Maes, and he denies any wrongdoing whatsoever. If the evidence were to be admitted, an independent investigation on the dated allegations would be required. Because Mr. Rodella disputes the hearsay statements and altercation alleged in the government's notice, which have never have been tested through confrontation, Mr. Rodella would demand a mini-trial on matter which would only tend to inflame a jury, just as a blunderbuss approach to justice usually does. The mini-trial would require the presentation of numerous witnesses and documentary evidence.

Furthermore, the alleged incident with Ms. Maes is neither probative nor relevant to determine whether or not excessive force was used in this case. The two incidents are wholly unrelated, and the government's Notice is merely a backdoor attempt to introduce character evidence to inflame the jury against Mr. Rodella.

Even if this Court believes that any of the proffered bad acts meet the Tenth Circuit's stringent criteria for admission under Rule 404(b), the Court "must still conduct a separate balancing of the probative value of the evidence and its prejudicial effect under Rule 403." *United States v. Hogue*, 827 F.2d 660, 663 (10th Cir. 1987). Fed. R. Evid. 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The evidence must provoke an emotional response in the jury or affect the jury's attitude toward the defendant to be excluded under Rule 403. *See United States v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001) (in order for evidence to be inadmissible under Rule 403 the evidence's unfair prejudice must do more than "damage the defendant's position at trial, it must make a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged").

Here, the allegations that Mr. Rodella tailgated Ms. Maes, confronted her and threatened to arrest her are highly prejudicial. There have never been any charges brought against Mr. Rodella, and the government's introduction of this evidence is solely an attempt to convince the jury that Mr. Rodella is a bad person by nature. Factitiousness aside, the unfair prejudice is clear and would substantially outweigh any probative value of the alleged prior incident.

WHEREFORE, for the foregoing reasons, Mr. Rodella requests that this Court exclude any references, testimony or evidence of this alleged incident with Yvette Maes detailed in the government's Notice of Intention to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) [Doc. 35] and for all such relief this Court deems just and proper.

                Respectfully submitted,

                /s/ Robert J. Gorence
                Robert J. Gorence
                Louren Oliveros
                Gorence & Oliveros, P.C.
                1305 Tijeras Avenue, NW
                Albuquerque, NM 87102
                Phone:  (505)  244-0214
                Fax:  (505) 244-0888
                Email:  gorence@golaw.us
                Email:  oliveros@golaw.us

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF this 9th day of September, 2014.

/s/ Robert J. Gorence
Robert J. Gorence