IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 14-CR-2783 JB |
| ) | |
| THOMAS R. RODELLA and ) | |
| THOMAS R. RODELLA, JR. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT THOMAS R. RODELLA'S NOTICE OF INTENTION TO OFFER EVIDENCE PURSUANT TO FEDERAL RULE 404(b)

The Defendant, Thomas R. Rodella, by and through his counsel of record, Robert J. Gorence and Louren Oliveros of Gorence & Oliveros, P.C., hereby notifies the government of his intention to introduce during the trial of this matter evidence of the fact that the alleged victim in this case, Michael Tafoya, was driving on an expired temporary registration permit at the time of the alleged incident. This evidence, coupled with Mr. Tafoya's history of driving on expired licenses or tags, provides the motive for Mr. Tafoya's desperate attempt to flee knowing that there was an attempt by law enforcement to stop him. This evidence is directly relevant to Mr. Tafoya's frame of mind to engage in life threatening conduct in his flight from law enforcement. This evidence is also relevant to impeach Mr. Tafoya's prior statement that he was driving with a lawful tag and registration. As grounds for this motion, Mr. Rodella states the following:

On March 11, 2014, at approximately 6:06 p.m., Mr. Tafoya entered State Road 399 at a grossly excessive rate of speed and did not stop at the stop sign. This behavior was noticed by Mr. Rodella and his son, who was driving a Rodella personal vehicle after they had returned

from Tierra Amarilla following Sheriff Rodella's submittal of his application to the Rio Arriba County Clerk at 4:02 p.m. with regard to his candidacy as sheriff. Mr. Tafoya then illegally attempted to pass a car that was in the process of making a left turn. As the Sheriff of Rio Arriba County, Mr. Rodella is on duty "24/7." After witnessing what he construed to be reckless driving, which was obviously violative of New Mexico state law, and not knowing what other possible criminal conduct was afoot within the car, Sheriff Rodella directed his son to pull in front of Mr. Tafoya's Mazda after it stopped on the shoulder of State Road 399. Sheriff Rodella exited the Jeep driven by his son and proceeded back to Mr. Tafoya's Mazda with his badge in hand and displayed in a fashion so that the driver of the Mazda would know that he was being approached by a law enforcement officer. As Sheriff Rodella approached the driver side window, Mr. Tafoya sped off. Sheriff Rodella returned to his Jeep and, thinking that great criminal activity could be occurring in addition to the reckless driving, directed his son to follow the Mazda at a safe speed and a safe distance. After Mr. Tafoya drove into a dead-end and high-centered his car on a pole, the interaction alleged in the indictment took place.[1]

Photographs which were taken of Mr. Tafoya's vehicle after he was taken into custody are attached as Exhibits A-1 to A-3. All of the photographs depict the temporary tag that was on the Mazda. As is readily discerned, Mr. Tafoya was driving a car that was not lawfully licensed to traverse a New Mexico roadway on March 11, 2014. The fact that Mr. Tafoya was driving a vehicle not licensed to be operated is direct evidence in this case and will not be offered as 404(b) evidence. This is direct evidence probative and relevant to the issues alleged in the indictment.

---

[1] What actually took place will be the center of the trial. Suffice it to say for this Motion, Sheriff Rodella approached the Mazda with his badge and gun in hand and was nearly killed by Mr. Tafoya in the process.

What is sought to be admitted during the cross-examination of Mr. Tafoya is the fact that he is no stranger to driving vehicles that are not licensed to be operated in New Mexico. Attached as Exhibits B-1 to B-3, is the information from caselookup.nmcourts.gov setting forth the dates that Mr. Tafoya was previously charged for doing exactly the same thing he was doing on March 11, 2014 – driving a vehicle that by law could not be operated. This evidence is relevant and probative under Federal Rules of Evidence 401, 402 and 404(b) to establish that Mr. Tafoya's intent, and his absence of mistake and lack of accident, was to flee a lawful stop made by the Sheriff of Rio Arriba County because Mr. Tafoya did not want to be charged a fourth time with driving an unregistered vehicle. This evidence is also directly relevant to demonstrate Mr. Tafoya's motive in engaging in his dangerous high speed flight as well as his aggressive driving when Sheriff Rodella approached his vehicle.

Respectfully submitted,

/s/ *Robert J. Gorence*
Robert J. Gorence
Louren Oliveros
Gorence & Oliveros, P.C.
1305 Tijeras Avenue, NW
Albuquerque, NM 87102
Phone: (505) 244-0214
Fax: (505) 244-0888
Email: gorence@golaw.us
Email: oliveros@golaw.us

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF this 9th day of September, 2014.

/s/ *Robert J. Gorence*
Robert J. Gorence