IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**THOMAS R. RODELLA**, )<br>)<br>Defendant. ) | CRIMINAL NO. 14-2783 JB |

## STIPULATED JURY INSTRUCTIONS

The parties have stipulated that, before the jurors deliberate in this case, they be given

instructions on the issues listed below.

1.    1.01    Preliminary Instructions before Trial

2.    1.03    Introduction to Final Instructions

3.    1.04    Duty to Follow Instructions

4.    1.05    Presumption of Innocence

5.    1.06    Evidence—Defined

6.    1.07    Evidence—Direct and Circumstantial—Inferences

7.    1.08    Credibility of Witnesses

8.    1.25    Confession—Statement—Voluntariness by Defendant

9.    1.40    Cautionary Instruction during Trial – Transcript

10.   1.10    Impeachment by Prior Inconsistencies

11.   1.17    Expert Witness

12.           Superseding Indictment Charges

13.   1.18    On or About

| 14. | 1.19 | Caution—Consider Only Crime Charged |
|---|---|---|
| 15. | 1.20 | Caution—Punishment, Non-Capital Cases |
| 16. | 1.23 | Duty to Deliberate—Verdict Form |

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 10, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence and Louren Oliveros
Attorneys for Thomas R. Rodella

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney

**PARTIES' STIPULATED INSTRUCTION NO. 1:**

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the United States as the prosecution. The United States is represented by Assistant United States Attorneys Tara Neda and Jeremy Peña. The defendant, Thomas R. Rodella, is represented by his lawyer, Robert Gorence.

The indictment charges Mr. Rodella with deprivation of civil rights and brandishing a firearm. The indictment is simply the description of the charges made by the United States against the each defendant; it is not evidence of guilt or anything else. Mr. Rodella pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the United States has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The United States in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the United States' opening statement, Mr. Rodella's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The United States will offer its evidence. After the United States' evidence, Mr. Rodella's lawyer may make an opening statement and present evidence, but is not required to do so. I remind you that Mr. Rodella is presumed innocent and it is the United States that must prove Mr. Rodella's guilt beyond a reasonable doubt. If Mr. Rodella submits evidence, the United States may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the United States and the defense will each be given time for their oral arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial

you will receive all the evidence you properly may consider to decide the case.  Because of this,

you should not attempt to gather any information or do any research on your own.  Do not

attempt to visit any places mentioned in the case, either actually or on the internet, and do not in

any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said.  This is

basically to assist any appeals.  However, a typewritten copy of the testimony will not be

available for your use during deliberations.  On the other hand, any exhibits will be available to

you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media.  The reason

for this is that your decision in this case must be made solely on the evidence presented at the

trial.

With that introduction, Ms. Neda, you may present the opening statement for the United

States.


Tenth Circuit Pattern Jury Instructions Criminal 1.01, at 2 (2011)(**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**)

Tenth Circuit Pattern Jury Instructions Criminal 1.02, at 7 (2011)(**NOTE-TAKING BY JURORS (ALTERNATIVE B)**))

**PARTIES' STIPULATED INSTRUCTION NO. 2**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case–for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

Tenth Circuit Pattern Jury Instructions Criminal 1.03, at 8 (2011)(**INTRODUCTION TO FINAL INSTRUCTIONS**)

**PARTIES' STIPULATED INSTRUCTION NO. 3**

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

Tenth Circuit Pattern Jury Instructions Criminal 1.04, at 9 (2011)(**DUTY TO FOLLOW INSTRUCTIONS**)

## PARTIES' STIPULATED INSTRUCTION NO. 4

The United States has the burden of proving Mr. Rodella guilty beyond a reasonable doubt. The law does not require Mr. Rodella to prove his innocence or produce any evidence at all. The United States has the burden of proving Mr. Rodella guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Rodella not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Rodella's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning Mr. Rodella's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Rodella is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Tenth Circuit Pattern Jury Instructions Criminal 1.05, at 10 (2011)(**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT**) (adapted)

**PARTIES' STIPULATED INSTRUCTION NO. 5**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Tenth Circuit Pattern Jury Instructions Criminal 1.06, at 13 (2011)(**EVIDENCE—DEFINED**)

## PARTIES' STIPULATED INSTRUCTION NO. 6

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Tenth Circuit Pattern Jury Instructions Criminal 1.07, at 15 (2011)(**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**)

## PARTIES' STIPULATED INSTRUCTION NO. 7

I remind you that it is your job to decide whether the United States has proved the guilt of Mr. Rodella beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the United States or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[Mr. Rodella did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the

United States grants to a defendant the right to remain silent.  That means the right not to testify or call any witnesses.  That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that Mr. Rodella did not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Tenth Circuit Pattern Jury Instructions Criminal 1.08, at 16-17 (2011)(**CREDIBILITY OF WITNESSES**)

**PARTIES' STIPULATED INSTRUCTION NO. 8**

Evidence has been presented about a statement attributed to Mr. Rodella alleged to have been made after the commission of the crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Rodella, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Tenth Circuit Pattern Jury Instructions Criminal 1.25, at 40 (2011)(**VOLUNTARINESS OF STATEMENT BY DEFENDANT**)

**PARTIES' STIPULATED INSTRUCTION NO. 9**

During this trial, you have heard sound recordings of certain conversations.  These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence.  You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Tenth Circuit Pattern Jury Instructions Criminal 1.40, at 65 (2011)(**CAUTIONARY INSTRUCTION DURING TRIAL Transcript of Recorded Conversation**)

**PARTIES' STIPULATED INSTRUCTION NO. 10**

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

Tenth Circuit Pattern Jury Instructions Criminal 1.10, at 23 (2011)(**IMPEACHMENT BY PRIOR INCONSISTENCIES**)

## PARTIES' STIPULATED INSTRUCTION NO. 11

During the trial you heard the testimony of DEA Forensic Chemist Tiffany Smith, who expressed opinions concerning the forensic collection and interpretation of biological and serological evidence, and the testimony of New Mexico Department of Public Safety police instructor Manuel Overby, who expressed opinions concerning methods and practices commonly used in law enforcement regarding pursuit and use of force. You also heard testimony of Dr. Harvey Stanford Sanders, who expressed opinions concerning the course of facial bruising and visibility after trauma, and Dennis L. O'Brien, who expressed opinions concerning the reconstruction of the vehicles' movements in this case.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Jury Instructions Criminal 1.17, at 31 (2011)(**EXPERT WITNESS**)

**PARTIES' STIPULATED INSTRUCTION NO. 12**

Mr. Rodella is charged by indictment follows:

[Insert Indictment]

**PARTIES' STIPULATED INSTRUCTION NO. 13**

You will note that the indictment charges that the crimes were committed on or about March 11, 2014. The United States must prove beyond a reasonable doubt that Mr. Rodella committed the crimes reasonably near those dates.

Tenth Circuit Pattern Jury Instructions Criminal 1.18, at 32 (2011)(**ON OR ABOUT**)

**PARTIES' STIPULATED INSTRUCTION NO. 14**

You are here to decide whether the United States has proved beyond a reasonable doubt that Mr. Rodella is guilty of the crime charged.  Mr. Rodella is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether Mr. Rodella has been proved guilty of the crime charged.


Tenth Circuit Pattern Jury Instructions Criminal 1.19, at 33 (2011)(**CAUTION—CONSIDER ONLY CRIME CHARGED**)

## PARTIES' STIPULATED INSTRUCTION NO. 15

If you find Mr. Rodella guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your

verdict.

Tenth Circuit Pattern Jury Instructions Criminal 1.20, at 34 (2011)(**CAUTION—
PUNISHMENT (Non-Capital Cases)**))

**PARTIES' STIPULATED INSTRUCTION NO. 16**

In a moment my Courtroom Deputy Clerk, Ms. K'Aun Wild, will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the United States has proved Mr. Rodella guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

Tenth Circuit Pattern Jury Instructions Criminal 1.23, at 37-38 (2011)(**DUTY TO DELIBERATE—VERDICT FORM**)