IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
       Plaintiff, )    CRIMINAL NO. 14-2783 JB
)
vs. )
)
**THOMAS R. RODELLA**, )
)
       Defendant. )

## **UNITED STATES' REQUESTED JURY INSTRUCTIONS**

The United States of America requests that, before the jurors deliberate in this case, they be given the instructions listed below, in addition to the stipulated instructions filed separately, and further requests permission to submit such additional instructions as may become appropriate during the trial. As of the time of this filing, the United States has been advised that Defendant objects to these instructions, but the United States has not received any proposed instructions from the defense.

    1.    1.13    Impeachment by Evidence of Untruthful Character

    2.    1.30    Similar Acts

    3.    Evidence—Limited Purpose

    4.    2.17    Deprivation of Civil Rights – Elements

    5.    Deprivation of Civil Rights—Element One—Color of Law

    6.    Deprivation of Civil Rights—Element Two—Deprivation of a Protected Right

    7.    Deprivation of Civil Rights—Element Three—Willfulness

    8.    Bodily Injury—Verdict Form Instruction

    9.    Dangerous Weapon—Verdict Form Instruction

10. 2.45 Using/Carrying a Firearm during Commission of a Drug Trafficking Crime Or Crime Of Violence

11. Verdict Form

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 10, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence and Louren Oliveros
Attorneys for Thomas R. Rodella

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney

## UNITED STATES' REQUESTED INSTRUCTION NO. 1

You have heard the testimony of [name of witness], who was a witness in the [government's] [defense] case.  You also heard testimony from others concerning [their opinion about his character for truth-telling] [his reputation, in the community where he lives, for telling the truth].  It is up to you to decide from what you heard here whether [name of witness] was telling the truth in this trial.  In deciding this, you should bear in mind the testimony concerning his [reputation for] truthfulness.


Tenth Circuit Pattern Jury Instructions Criminal 1.13, at 26 (2011)(**IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER**)

# UNITED STATES' REQUESTED INSTRUCTION NO. 2

You have heard evidence of other [crimes] [acts] [wrongs] engaged in by Mr. Rodella. You may consider that evidence only as it bears on Mr. Rodella's [e.g., motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident] and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

Tenth Circuit Pattern Jury Instructions Criminal 1.30, at 48 (2011)(**SIMILAR ACTS**)

# UNITED STATES' REQUESTED INSTRUCTION NO. 3

Rio Arriba Sheriff's Office policies and procedures have been introduced into evidence. These are the sheriff's department's rules governing the conduct of vehicle pursuits by members of the department. Likewise, you have heard evidence regarding generally accepted police practices, and the training Mr. Rodella personally received. This evidence has been admitted for a limited purpose. You may use it only to determine whether Mr. Rodella acted willfully, that is, with a bad purpose to violate a right protected by the Constitution or laws of the United States. It is, of course, wholly up to you to determine whether any department rules, policies or accepted practices were violated in this case.

I caution you that not every instance of inappropriate behavior on the part of a sheriff or deputy rises to the level of a federal constitutional violation. It is possible for a law enforcement officer to violate state law or policy, or act contrary to the officer's training, without violating the United States Constitution, just as it is possible for an officer to violate the Constitution without violating a specific state law or policy.

In other words, if you determine that Mr. Rodella violated any Rio Arriba Sheriff's Office policies or generally accepted law enforcement practices or acted contrary to the training he received, you should consider that evidence only in determining whether Mr. Rodella acted willfully and not consider this evidence in determining whether his actions violated the Constitution in the first instance.

Tanberg v. Sholtis, 401 F.3d, 1151, 1164 (10th Cir. 2005)
United States v. Myers, 972 F.2d 1566, 1574 (11th Cir. 1992)
United States v. Simmons, 470 F.3d 1115, 1125 (5th Cir. 2006)
United States v. Gould, CR 03-2774 JB (D.N.M. 2007) (Browning, J.)

# UNITED STATES' REQUESTED INSTRUCTION NO. 4

Mr. Rodella is charged in Count 1 with a violation of 18 U.S.C. § 242.

This law makes it a crime for anyone acting under color of law willfully to deprive someone of a right secured by the Constitution or laws of the United States.

To find Mr. Rodella guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First:  Mr. Rodella was acting under color of law when he committed the acts charged in the indictment.

Second:  Mr. Rodella deprived M.T. of his right to be free from unreasonable seizure by a law enforcement officer, which is a right secured by the Constitution or laws of the United States.

Third:  the defendant acted willfully.


Tenth Circuit Pattern Jury Instructions Criminal 2.17, at 103 (2011)(**DEPRIVATION OF CIVIL RIGHTS – 18 U.S.C. § 242**) (modified)

## UNITED STATES' REQUESTED INSTRUCTION NO. 5

### Element One – Under Color of Law

The first element that the United States must prove with regard to Count 1 is that Mr. Rodella acted under "color of law." "Under color of law" means acts done under any state law, county or city ordinance, or other governmental regulation, and includes acts done according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority. The defendant need not be on duty to act under color of law.

Tenth Circuit Pattern Jury Instructions Criminal 2.17, at 103 (2011)(**DEPRIVATION OF CIVIL RIGHTS – 18 U.S.C. § 242**) (modified)

United States v. Colbert, 172 F.3d 594 (8th Cir. 1999) (The fact that a law enforcement officer was off-duty at the time the incident occurred does not preclude a finding that the officer was acting under color of law.)

7

# UNITED STATES' REQUESTED INSTRUCTION NO. 6

## Element Two – Deprivation of a Protected Right

The second element that the United States must prove with regard to Count 1 is that Mr. Rodella deprived M.T. of a right secured or protected by the Constitution or the laws of the United States. Specifically, the Indictment alleges that the Mr. Rodella deprived M.T. of his right to be free from unreasonable seizures and unreasonable use of force by a law enforcement officer. You are instructed that this right is protected and secured by the Fourth Amendment to the United States Constitution.

A police officer violates an arrestee's Fourth Amendment right to be free of unreasonable seizure if the officer makes an arrest without probable cause. Whenever an officer restrains the freedom of a person to walk away, he has seized that person. Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense. Although you may take into account factors such as whether the officer reasonably interviewed witnesses readily available at the scene, whether he investigated basic evidence or whether he inquired if a crime had been committed at all before invoking the power of warrantless arrest and detention, the primary concern is whether a reasonable officer would have believed that probable cause existed to arrest the defendant based on the information possessed by the arresting officer.

Police officers can violate the Fourth Amendment by employing unreasonable force when making a seizure or an arrest. The inquiry into whether this right was violated requires a balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.

Whether the force used by police officers is reasonable is an objective inquiry depending on the facts and circumstances of each particular case.  A law enforcement officer is justified in using only that amount of force which he reasonably believes to be necessary to accomplish a legitimate law enforcement purpose such as holding a person who has been arrested in custody, preventing escape, or defending himself from bodily harm.  An officer may not use more force than is reasonably necessary to accomplish such legitimate purposes.  Retribution, retaliation, and deterrence are not legitimate law enforcement purposes.  Thus, you may find that force which was for the purpose of retribution, retaliation, or deterrence was unreasonable.  Drawing a firearm or brandishing a firearm toward a citizen may constitute unreasonable force even though no physical injury is inflicted.

In determining whether Mr. Rodella's actions toward M.T. were reasonable, you should consider all the circumstances from the point of view of an ordinary and reasonable officer on the scene.  You should consider the severity of the crime at issue, whether M.T. posed an immediate threat to the safety of Mr. Rodella or others, and whether M.T. actively resisted arrest or attempted to evade arrest by flight.  If, after considering all the circumstances, you find that the defendant unreasonably seized M.T. or used unreasonable force against M.T., then you may find that this element of the offense is satisfied with respect to Count I.

Graham v. Connor, 490 U.S. 386, 394-97 (1989) (applying the Fourth Amendment's objective reasonableness test to all claims of unreasonable seizure)

Tennessee v. Garner, 471 U.S. 1, 7 (1985) (applying Fourth Amendment restrictions to the manner in which a seizure is conducted)

Olsen v. Layton Hills Mall, 312 F.3d 1304, 1312-1314 (10th Cir. 2002) (applying Fourth Amendment analysis to both unlawful arrest and excessive force claims)

Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002) (noting, in analyzing Fourth Amendment claim brought under 42 U.S.C. § 1983, that there was "no reason, let alone any legitimate law enforcement need," for the use of force).

Bell v. Wolfish, 441 U.S. 520, 539, 539 n.20 (1979) ("Retribution and deterrence are not legitimate nonpunitive governmental objectives.")

Robinson v. Solano County, 278 F.3d 1007, 1014-15 (9th Cir. 2002) (recognizing that clearly established law holds that display of a firearm could constitute excessive force).

# UNITED STATES' REQUESTED INSTRUCTION NO. 7

## Element Three – Willfulness

The third element that the United States must prove with regard to Count 1 is that the defendant acted willfully. An act is done willfully if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids, or to fail to do something that the law requires to be done; that is, with a bad purpose to disobey or disregard the law. In this case, it means with the specific intent to deprive the victim of a right secured or protected by the Constitution.

Intent is a state of mind and can be proven by circumstantial evidence. Indeed, it can rarely be established by any other means. In determining whether the defendant acted with the required specific intent, you may consider all the circumstances of the case. In determining the issue of what a person intended at a particular time, you may consider any statements made or any acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge and intent.

You may infer that a person ordinarily intends all the natural and probable consequences of an act knowingly done. In other words, you may infer and find that the defendant intended all the consequences that a sheriff's department officer, standing in like circumstances and possessing like knowledge, should have expected to result from his acts knowingly done.

It is not necessary to show or prove that a defendant was thinking in Constitutional terms at the time of the incident. You may find that the defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with the particular Constitutional right involved, provided that you find that the defendant willfully and consciously did the act which deprived the victim of his constitutional rights.

In order to establish a willful deprivation, the United States need not show that the acts of the defendant were premeditated or of long duration. If you find that the defendant knew what he was doing and that he intended the consequences of his acts, and if you find that what he did constituted a deprivation of a constitutional right, then you may conclude that the defendant acted with the specific intent to deprive the victim of that constitutional right.

Sandstrom v. Montana, 442 U.S. 510 (1979) (an inference that a person normally intends the consequences of his voluntary acts is permissible)

Screws v. United States, 325 U.S. 91, 101, 104-07 (1945) (plurality opinion) ("willfully" means "a purpose to deprive a person of a specific constitutional right" including "act[ing] in open defiance or in reckless disregard of a constitutional requirement which has been made specific and definite"); *id.* at 106 (defendants need not have been thinking in constitutional terms); *id.* at 107 (willfulness may be inferred "from all the circumstances attendant on the act . . . [including] the malice of petitioners, the weapons used in the assault, its character and duration, the provocation, if any, and the like.")

United States v. Mohr, 318 F.3d 613, 619 (4th Cir. 2003) (equating willfulness to acting with a "particular purpose" to violate a protect right or "recklessly disregard[ing]" the risk of doing so)

United States v. Walsh, 194 F.3d 37, 52-53 (2d Cir. 1999) (holding that jury did not have to find defendant knew of particular constitutional provision)

United States v. Brown, 49 F.3d 1162, 1165 (6th Cir. 1995) ("The United States need not prove that the defendant actually knew it was a constitutional right being conspired against or violated.")

United States v. Reese, 2 F.3d 870, 880-82 (9th Cir. 1993) (reviewing "willfulness" decisions and concluding that "if a constitutional right is clearly delineated and the defendant acted with the particular purpose of depriving the citizen victim of his enjoyment of the interests that right protects, he will be adjudged as a matter of law to have acted "willfully"– i.e., in reckless disregard of constitutional prohibitions or guarantees.") (internal quotation omitted)

United States v. Gwaltney, 790 F.2d 1378, 1386 (9th Cir. 1986) (approving willfulness instruction stating that "reckless disregard for a person's constitutional rights is evidence of specific intent to deprive that person of those rights")

United States v. Dise, 763 F.2d 586, 592 (3d Cir. 1985) ("[W]hen a person acting under color of law invades the personal liberty of another, knowing that such invasion is in violation of state law, he has demonstrated bad faith and reckless disregard for constitutional rights.")

United States v. Redwine, 715 F.2d 315, 319-20 (7th Cir. 1983) ("[W]hile specific intent to interfere with a federally protected right must be shown, it is not necessary that the defendant be shown to have a legalistic appreciation of the federally protected nature of that right.")

United States v. O'Dell, 462 F.2d 224, 232-33 & n.10 (6th Cir. 1972) (adopting Screws' willfulness standard)

U.S. Sixth Circuit Judges Association Pattern Criminal Jury Instructions § 2.08 Inferring Required Mental State (2005 ed.) (including language on inferring intent from attendant circumstances and permitting inference that person normally intends the consequences of his voluntary acts)

# UNITED STATES' REQUESTED INSTRUCTION NO. 8

If you find that the United States has proven the crime of Deprivation of Rights as charged in Count 1, you then must an answer an interrogatory, or question, on the verdict form, as to whether the United States has proven beyond a reasonable doubt that Mr. Rodella's actions resulted in bodily injury. Your answer must be unanimous.

The United States need not prove that the defendant intended to cause bodily injury. Instead, the United States need only prove that some degree of bodily injury, no matter how slight or temporary, resulted from the defendant's unlawful conduct.

Bodily injury includes any injury to the body, such as a cut, abrasion, bruise, burn, or disfigurement or simply physical pain.


18 U.S.C. § 242

18 U.S.C. §§ 831(f)(5); 1365(h)(4); 1515(a)(5), 1864(d)(2) (bodily injury defined for purposes of other statutes; definitions include physical pain).

United States v. Harris, 293 F.3d 863, 871 n.6 (5th Cir. 2002) (finding no error, under plain error standard, in giving similar jury instructions in § 242 prosecution).

United States v. Lanier, 33 F.3d 639, 654 (6th Cir. 1994) (finding that 18 U.S.C. § 242 does not require serious bodily injury, only bodily injury, and that jury instructions which charged that bodily injury could include physical pain were not erroneous), rev'd on other grounds en banc, 73 F.3d 1380 (6th Cir. 1996), vacated by 520 U.S. 259 (1997).

United States v. Myers, 972 F.2d 1566, 1572 (11th Cir. 1992) (approving jury instruction: "You are instructed that bodily injury means any injury to the body, no matter how temporary. Bodily injury also includes physical pain as well as any burn or abrasion.").

Schmidt v. Gray, 399 Fed.Appx. 925 (5th Cir. 2010)

## UNITED STATES' REQUESTED INSTRUCTION NO. 9

If you find that the United States has proven the crime of Deprivation of Rights as charged in Count 1, you then must an answer an interrogatory, or question, on the verdict form, as to whether the United States has proven beyond a reasonable doubt that Mr. Rodella used or threatened to use a dangerous weapon in the course of depriving M.T. of his constitutional rights. Your answer must be unanimous.

18 U.S.C. § 242

# UNITED STATES' REQUESTED INSTRUCTION NO. 10

Mr. Rodella is charged in Count 2 with a violation of 18 U.S.C. § 924(c).

This law makes it a crime to use or carry a firearm during and in relation to any crime of violence for which a person may be prosecuted in a court of the United States.

To find Mr. Rodella guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

First: Mr. Rodella committed the crime of deprivation of civil rights, as charged in Count 1 of the indictment. You are instructed that deprivation of civil rights is a crime of violence;

Second: Mr. Rodella used or carried a firearm and brandished that firearm;

Third: the use or carrying of the firearm was during and in relation to the crime of deprivation of civil rights;

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime.

A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

A defendant knowingly "brandishes" a firearm when he displays all or part of the firearm, or otherwise makes the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

In determining whether Mr. Rodella knowingly used or carried and brandished a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The United States must prove a direct connection between Mr. Rodella's use or carrying of the firearm and the underlying crime but the crime need not be the sole reason Mr. Rodella used or carried the firearm.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Tenth Circuit Pattern Jury Instructions Criminal 2.45, at 153-54 (2011)(**USING/CARRYING A FIREARM DURING COMMISSION OF A DRUG TRAFFICKING CRIME OR CRIME OF VIOLENCE – 18 U.S.C. § 924(c)(1)**) (modified)

18 U.S.C. § 924(c)(4)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **THOMAS R. RODELLA**, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>V E R D I C T</u>

### <u>COUNT 1</u>

WE, the jury, find the defendant, THOMAS R. RODELLA, _____
                                                              (guilty or not guilty)
as charged in Count 1 of the indictment.

If your verdict on Count 1 is "guilty," do you also find beyond a reasonable doubt that the

defendant caused M.T. to suffer bodily injury? _____
                                                    (yes or no)

If your verdict on Count 1 is "guilty," do you also find beyond a reasonable doubt that the

defendant used or threatened to use a dangerous weapon? _____
                                                              (yes or no)

### <u>COUNT 2</u>

WE, the jury, find the defendant, THOMAS R. RODELLA, _____
                                                              (guilty or not guilty)
as charged in Count 2 of the indictment.

Dated this \_\_\_\_\_ day of _____, 2014.

_____
FOREPERSON