IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No.: 14-CR-2783 JB |
| THOMAS R. RODELLA, | ) | |
| Defendant. | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant, Thomas R. Rodella, by his counsel of record, Robert J. Gorence and Louren Oliveros of Gorence & Oliveros, P.C., hereby submits his proposed jury instructions to be submitted to the jury in this case. Mr. Rodella further requests that he be allowed to supplement these instructions as they become necessary or appropriate during the trial.

Respectfully submitted,

*/s/ Robert J. Gorence*
Robert J. Gorence
Louren Oliveros
Gorence & Oliveros, P.C.
1305 Tijeras Avenue, NW
Albuquerque, NM 87102
Phone: (505) 244-0214
Fax: (505) 244-0888
Email: gorence@golaw.us
Email: oliveros@golaw.us

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF this 10th day of September, 2014.

*/s/ Robert J. Gorence*
Robert J. Gorence

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS
# INSTRUCTION NO. 1

Mr. Rodella is charged in count Count 1 with a violation of 18 U.S.C. section 242.

This law makes it a crime for anyone acting under color of law to willfully deprive someone of a right secured by the Constitution or laws of the United States.

To find Mr. Rodella guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: Mr. Rodella was acting under color of law when he committed the acts charged in the indictment. Mr. Rodella concedes he was acting under color of law at all times in the indictment. This element has been satisfied;

Second: Mr. Rodella deprived Michael Tafoya of his right to be free from excessive force and unlawful arrest, which are rights secured by the Constitution or laws of the United States as defined in these instructions;

Third: Mr. Rodella acted willfully, that is, Mr. Rodella acted with a bad purpose, intending to deprive Michael Tafoya of that right; and

Fourth: Mr. Rodella caused Michael Tafoya to suffer bodily injury.

The term "willfully" means that Mr. Rodella committed the act with a conscious purpose to do wrong. That is, Mr. Rodella must have acted with an evil purpose or motive. In order to convict Mr. Rodella of this crime, you must find that he had in mind the specific purpose to deprive Michael Tafoya of his constitutional rights.

The term "bodily injury" includes the following: a cut, abrasion, bruise, burn, or disfigurement, physical pain, illness, impairment of the function of a bodily member, organ, or mental faculty, or any other injury to the body, no matter how temporary.

10th Circuit Pattern Criminal Jury Instructions No. 2.17 (2011) (as modified); *Apodaca v. United States*, 188 F.2d 932, 937-38 (10th Cir. 1951) (The Tenth Circuit defined the use of the words willful and willfully in the context of a charge of violating 18 U.S.C. § 242. The court stated that the terms imply "a conscious purpose to do wrong; that doing a thing knowingly and wilfully implies not only knowledge of the thing done, but a determination to do it with bad intent or with an evil purpose or motive; that it was not sufficient that the defendants had generally a bad purpose in doing the things they did; that in order to convict them, it was necessary for the jury to find that they had in mind the specific purpose to deprive [the victim] of rights, privileges, and immunities secured to him and protected by the constitutional provision)); *United States v. Bailey*, 405 F.3d 102, 111 (1st Cir. 2005) (recognizing that a 18 U.S.C. § 242 requires proof that the defendant "willfully subject[ed][a] person ... to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... if bodily injury results [from such deprivation]" and recognizing that bodily injury under 18 U.S.C. § 242 encompasses "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of [a/the] function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary")

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS
# INSTRUCTION NO. 2

Mr. Rodella is charged in Count 2 with a violation of 18 U.S.C. section 924(c)(1).

This law makes it a crime to carry and brandish a firearm during and in relation to any crime of violence for which a person may be prosecuted in a court of the United States.

The term "crime of violence" means--

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To find Mr. Rodella guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: Mr. Rodella committed a crime of violence by committing the crime charged in Count I of the indictment;

Second: Mr. Rodella carried and brandished a firearm; and

Third: during and in relation to a crime of violence.

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime.

Mr. Rodella knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

Mr. Rodella "brandishes" a firearm when he acts with the intent to intimidate another person.

In determining whether Mr. Rodella knowingly carried and brandished a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence.

The government must prove a direct connection between Mr. Rodella's carrying and brandishing of the firearm and the underlying crime but the crime need not be the sole reason Mr. Rodella carried and brandished the firearm.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

10th Circuit Pattern Criminal Jury Instructions No. 2.45 (2011) (as modified); 18 U.S.C.A. § 16; *United States v. Bowen*, 527 F.3d 1065, 1073 (10th Cir. 2008) ("§ 924(c)'s definition of "brandishing" a firearm requires a defendant act with the intent to "intimidate" another).

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS
# INSTRUCTION NO. 3

In order to find that Mr. Rodella used excessive force in violation of Mr. Tafoya's Fourth Amendment right to be free from excessive force, you must find, beyond a reasonable doubt, that some harm resulted directly and only from the use of force that was clearly excessive to the need and the excessiveness of which was objectively unreasonable in light of the facts and circumstances at the time.

Some of the things you may want to consider in determining whether Mr. Rodella used excessive force are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Factors to consider as to the reasonableness of the amount of force used are the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. However, not every push or shove, even if it later seems unnecessary, violates the Fourth Amendment. For example, a small amount of force, like grabbing a suspect or placing him in a patrol car is permissible in effecting an arrest under the Fourth Amendment.

This reasonableness inquiry is an objective one: the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

Fifth Circuit Pattern Jury Instructions (Civil) 10.2, Alternative excessive force section 1983 jury charge (2006)(modified); *Graham v. Connor*, 490 U.S. 386, 387 (1989) (stating "the reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them."); *Cortez v. McCauley*, 478 F.3d 1108, 1128 (10th Cir. 2007) ("We have little difficulty concluding that a small amount of force, like grabbing Rick Cortez and placing him in the patrol car, is permissible in effecting an arrest under the Fourth Amendment."); *Gross v. Pirtle*, 245 F.3d 1151, 1158 (10th Cir. 2001) ("[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.")

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS
# INSTRUCTION NO. 4

In regards to the use of force, the Fourth Amendment of the United States Constitution does not require officers to use the best technique available as long as their method is reasonable under the circumstances. Also the reasonableness standard does not require that officers use alternative less intrusive means.

*Dickerson v. McClellan*, 101 F.3d 1151, 1160 (6th Cir. 1996); *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001).

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS
# INSTRUCTION NO. 5

Under the Constitution of the United States, a citizen has both the right to his liberty and the right not to be arrested without due process of law.

In order to find that Mr. Rodella unlawfully arrested Michael Tafoya in violation of his Fourth Amendment right to be free from unlawful arrest, you must find that the government has proved the following beyond a reasonable doubt:

1. That Mr. Rodella intentionally committed acts that violated one or more of Michael Tafoya's Federal constitutional rights that I have described to you;

2. That in so doing Mr. Rodella acted "under color" of the authority of the State of New Mexico; and

3. That Mr. Rodella's acts were the legal cause of the Michael Tafoya's bodily injury.

In this case Mr. Rodella stipulates that he acted "under color" of state law and you must accept that fact as proven.

The first aspect of the government's claim is that Michael Tafoya was arrested and deprived of liberty "without due process of law." This means he was deprived of liberty without authority of law. You must first decide whether Mr. Rodella committed the acts that the government claims he committed; and, if so, you must then decide whether Mr. Rodella was acting within or beyond the bounds of his lawful authority under State law. If Mr. Rodella acted within the limits of his lawful authority under State law, then he did not deprive Michael Tafoya of any right "without due process of law."

In that regard you are instructed that under the law of the State of New Mexico a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer.

Fifth Circuit Pattern Jury Instructions (Civil) 10.1, 42 USC Section 1983 (Unlawful Arrest) (2006)(modified); *Smith v. Kenny*, 678 F. Supp. 2d 1124, 1162 (D.N.M. 2009) (citing *Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir. 2007)) ("in a case where police effect an arrest without probable cause or a detention without reasonable suspicion, but use no more force than would have been reasonably necessary if the arrest or the detention were warranted, the plaintiff has a claim for unlawful arrest . . .")

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS
# INSTRUCTION NO. 6

Under the Fourth Amendment, there is no seizure, and thus, no requirement for reasonable suspicion until the individual actually submits to a show of authority. An individual's flight may properly be considered in determining the existence of reasonable suspicion unless that flight can be considered unlawfully provoked. An individual's flight may also be considered as consciousness of guilt.

*State v. Maez*, 2009-NMCA-108, ¶¶ 10, 20, 147 N.M. 91, 95, 97, 217 P.3d 104, 108, 110; *State v. Harbison*, 2007-NMSC-016, ¶ 2, 141 N.M. 392, 394, 156 P.3d 30, 32

# DEFENDANT'S PROPOSED JURY INSTRUCTIONS
# INSTRUCTION NO. 7

Under New Mexico law, a police officer in making an arrest is privileged by statute to use an objectively reasonable amount of force in order to take a suspect into custody. A police officer, moreover, is entitled to use such force as was reasonably necessary under all the circumstances of the case. Officers, within reasonable limits, are the judges of the force necessary to enable them to make arrests or to preserve the peace. When acting in good faith, the courts will afford them the utmost protection, and they will recognize the fact that emergencies arise when the officer cannot be expected to exercise that cool and deliberate judgment which courts and juries exercise afterwards upon investigations in court.

*State v. Kraul*, 90 N.M. 314, 318, 563 P.2d 108, 112 (Ct.App.), cert. denied, 567 P.2d 486 (1977) (quoting *Gray v. State*, 463 P.2d 897 (Alaska 1870)) ("[a]n officer in making an arrest is privileged by statute to use only that force which is necessary to restrain the arrested person."); *Mead v. O'Connor*, 66 N.M. 170, 173, 344 P.2d 478, 480-81 (1959) ("Officers, within reasonable limits, are the judges of the force necessary to enable them to make arrests or to preserve the peace. When acting in good faith, the courts will afford them the utmost protection, and they will recognize the fact that emergencies arise when the officer cannot be expected to exercise that cool and deliberate judgment which courts and juries exercise afterwards upon investigations in court.")

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
**INSTRUCTION NO. 8**

So long as the force actually used by Mr. Rodella was reasonable, the Fourth Amendment does not require Mr. Rodella to use the least or a less forceful alternative to stop Michael Tafoya's actions.

*Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001) ("It is well settled that the 'reasonableness standard does not require that officers use alternative, less intrusive means' when confronted with a threat of serious bodily injury.")

# IN THE DISTRICT COURT OF THE UNITED STATES

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,  )
                                      )
        Plaintiff,            )
                                      )
   vs.                              )      Case No.: 14-CR-2783 JB
                                      )
THOMAS R. RODELLA,          )
                                      )
        Defendant.          )

# V E R D I C T

**COUNT 1**

    1.A)    Do you find beyond a reasonable doubt that Mr. Rodella used excessive force against Michael Tafoya? _____ (yes or no)

    1.B)    Do you find beyond a reasonable doubt that Mr. Rodella unlawfully arrested Michael Tafoya? _____ (yes or no)

If your answer to *either* question 1.A or 1.B above is no, you must return a verdict of Not Guilty in favor of the Defendant as to Count 1 and Count 2. If your answer to *both* question 1.A and 1.B is yes, then proceed to questions 2.A and 2.B.

    2.A)    Do you find beyond a reasonable doubt that Mr. Rodella caused Michael Tafoya to suffer bodily injury? _____ (yes or no)

2.B) Do you find beyond a reasonable doubt that Mr. Rodella used or threatened to use a dangerous weapon? _____ (yes or no)

If your answer to *either* question 2.A or 2.B above is no, you must return a verdict of Not Guilty in favor of the Defendant as to Count 1 and Count 2. If your answer to *both* question 2.A and 2.B is yes, then proceed to question 3.

3) WE, the jury, find the defendant, THOMAS R. RODELLA, _____ (guilty or not guilty) as charged in Count 1 of the indictment.

**COUNT 2**

4.A) Do you find beyond a reasonable doubt that Mr. Rodella committed a crime of violence? _____ (yes or no)

If your answer to question 4.A above is no, you must return a verdict of Not Guilty.
If your answer to question 4.A is yes, then proceed to question 5.

5) WE, the jury, find the defendant, THOMAS R. RODELLA, _____ (guilty or not guilty) as charged in Count 2 of the indictment.

Dated this _____ day of _____, 2014.

_____
FOREPERSON