IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **THOMAS R. RODELLA**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' OBJECTIONS TO DEFENDANT THOMAS R. RODELLA'S NOTICE OF INTENTION OFFER EXPERT TESTIMONY (Doc. 42)

The United States objects to the testimony of Defendant Rodella's expert witnesses for the following reasons:

## INTRODUCTION

The defense has provided notice that it intends to call two expert witnesses. The first, Dr. Harvey Sanders, is to testify about aging of bruises as it relates to the victim's face, and whether any injuries are apparent in a detention facility photograph of the victim. The second, Dennis O'Brien, is to testify about the performance capabilities of the victim's Mazda and the defendant's Jeep SUV that were driven the evening of March 11, 2014. He also proposes to describe the Mazda's movement immediately prior to coming to rest when it struck a well pipe at the end of the private dirt lane. The United States objects to the admission of such evidence because it fails to meet the requirements of Fed. R. Evid. 702 and 403, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and its progeny.

## LEGAL STANDARD

The district court's role as gatekeeper of Rule 702 evidence requires it to conclude that "the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact,

before permitting a jury to assess such testimony." *United States v. Rodriguez-Felix,* 450 F.3d 1117, 1121-23 (10th Cir. 2006). In making its reliability assessment, the district court must consider: (1) whether the theory has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there are standards that control the methodology's operation, and (4) whether the theory has been accepted in the relevant scientific community. *Daubert,* 509 U.S. at 593-94; *United States v. Harry,* 2014 WL 1949993 (D.N.M) at *19.

Rule 702 requires the district court to ensure that any expert testimony or evidence is reliable and relevant. *Harry,* 2014 WL 194993 at * 19; citing *Bitler v. A.O. Smith Corp.,* 391 F.3d 1114, 1120 (10th Cir. 2004). To accomplish this, the court must determine whether the methodology is valid and relevant to the issues in the case. *Id.* at *20. That is, the expert evidence must have a connection to the disputes facts of the case. *Id.* If the proposed expert testimony does not rely on valid methodology, then the court does not reach the issue of relevance. *Id.*

If the court finds that these *Daubert* standards are met as to reliability, it must then determine whether the proposed expert testimony will assist the trier of fact, such as: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *Rodriguez-Felix,* 450 F.3d at 1123. "The court is also to consider whether the witness' conclusion represents an 'unfounded extrapolation' from the data; whether the witness has adequately accounted for alternative explanations for the effect at issue; whether the opinion was reached for purposes of litigation or as the result of independent studies; or whether it unduly relies on anecdotal evidence." *Harry,* 2014 WL 1949993 at *19. Similarly, the court is to determine whether "there is simply too great an analytical gap between the data and opinion

offered." *Armeanu v. Bridgestone/Firestone N. Am. Tire, LLC,* 2006 WL 4060665 at * 11 (D.N.M.).

## ARGUMENT

1. **Harvey Sanders, M.D.**

As an initial matter, it does not appear that Dr. Sanders is qualified to give an opinion as to the aging of bruises or other superficial injuries. In fact, the defense has only offered an extremely short curriculum vitae that contains no insight into Dr. Sanders' experience in aging such injuries. No research or publications in the area of Dr. Sanders' proposed testimony are listed. The only publications the United States could locate with which Dr. Sanders is associated are two from the early 1970's, which bear no relationship to his proposed testimony. Furthermore, Dr. Sanders' CV suggests that he has not practiced any form of medicine for at least 13 years. The United States requests an opportunity to voir dire Dr. Sanders at the *Daubert* hearing to be held on September 16 to determine whether the defense can meet the threshold standard for qualifications under Fed. R. Evid. 702.

Even if Dr. Sanders were to be qualified to render opinions on aging of bruises, his testimony should be disallowed because of his "methodology" or lack thereof. The entire basis of Dr. Sanders' opinion is his review of a single, grainy photograph taken of the victim by the detention facility after his arrest. His opinion of what the picture depicts could not possibly assist the trier of fact. First, no apparent methodology is involved in Dr. Sanders' analysis that would permit the court to assess the reliability prong. Where the reliability of an expert's methodology cannot be demonstrated, his testimony should be excluded. *United States v. Foghorn,* 2005 WL 6136334 (D.N.M.) at * 4-5.

As this Court has noted, if the reliability prong of the court's review cannot be met, there is no need to proceed to the second prong's assessment of relevance. *Harry,* 2014 WL 194993 at *20. In any event, Dr. Sanders' description or opinion of what the picture depicts lacks any relevance because it cannot assist the jury. That is, the jury is just as capable of drawing its own conclusions from what they see in the detention facility photograph. The victim reports that Defendant Rodella smacked him on the right cheek with his badge on March 11, 2014. Through Dr. Sanders' testimony, the defense is attempting to usurp the jury in determining the victim's credibility. It is for the jury to listen to the victim's testimony, view the detention facility photograph, and draw its own conclusion. Additionally, any opinion by Dr. Sanders as to whether he can see superficial injuries to the victim's face in the detention facility photograph not only invades the province of the jury, but would lead to confusion and should be disallowed under Fed. R. Evid. 403 and 702.

2. **Dennis O'Brien**

Mr. O'Brien appears to be a qualified accident reconstructionist. Therefore, the United States does not object to his qualifications under Fed. R. Evid. 702. However, the United States does object to Mr. O'Brien's proposed testimony based on unreliable methodology. First, Mr. O'Brien proposes to testify that the acceleration capacity of the victim's Mazda exceeded that of the defendant's Jeep SUV. From that observation, Mr. O'Brien apparently intends to opine that the SUV could not have kept up with the Mazda. However, Mr. O'Brien does not know what speeds were maintained by the vehicles and whether such speeds were consistent or fluctuated. Mr. O'Brien doesn't know to what extent the victim or the defendant tapped into their respective vehicle's acceleration capabilities when they re-entered CR 399 or entered and exited turns - that is, he simply does not know how hard and how long they pressed their gas pedals.

4

Fed. R. Evid. 702(b) requires that the expert "testimony be based on sufficient facts and data." The only facts Mr. O'Brien has are acceleration data on two vehicles. From there, he intends to describe this chase to the jury as if he witnessed it. Unsupported speculation and subjective belief do not satisfy the reliability requirement of Rule 702. *Daubert,* 509 U.S. at 589. That is, Mr. O'Brien's testimony must be based on what is known. *Id.* at 590. Mr. O'Brien's testimony is based primarily on speculation. The witnesses can testify to the manner in which they drove their vehicles, and Mr. O'Brien cannot be a surrogate for such evidence. Given that there are insufficient facts and data for Mr. O'Brien to have formed any opinion, his testimony should be disallowed as unreliable.

Furthermore, we know from an eye witness (whose grand jury testimony has been disclosed to the defense) that the defendant's SUV was right behind the victim's car at least at the time both vehicles entered the private dirt road. Since we know that the defendant's Jeep SUV did keep up with the victim's Mazda, the proposed testimony should be disallowed as irrelevant. As discussed earlier, expert testimony must not usurp the jury's role. Here, the jury can hear from those who drove the vehicles and from an eye witness who saw them traveling in tandem. The jury can decide how the chase unfolded through such testimony without assistance from Mr. O'Brien.

Finally, Mr. O'Brien apparently intends to also offer testimony about how the Mazda was driven once it reached the end of the private dirt road. The basis of this opinion seems to be 13 photographs taken by a RASO deputy who was not an accident reconstructionist. These photographs lack any forensic value. Therefore, they do not represent "good grounds" for or "appropriate validation" of Mr. O'Brien's opinion of what transpired on the dead-end road. See

*Id.* Since Mr. O'Brien's proposed expert testimony fails to meet the reliability requirements of Rule 702, it should be excluded.

Accordingly, the United States requests that this Court exclude the testimony of both defense experts.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 12, 2014,
I filed the foregoing electronically through the
CM/ECF system, which caused the below counsel
of record to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

Robert J. Gorence and Louren M. Oliveros
Counsel for Thomas R. Rodella.

*/s/ Filed Electronically*
Tara C. Neda, Assistant U.S. Attorney