# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No.: 14-CR-2783 JB |
| THOMAS R. RODELLA, | ) |
| Defendant. | ) |

## DEFENDANT THOMAS R. RODELLA'S RESPONSE TO THE UNITED STATES' OMNIBUS MOTION IN LIMINE [DOC. 44]

The Defendant, Thomas R. Rodella, by his attorneys, Robert J. Gorence and Louren Oliveros of Gorence & Oliveros, P.C., hereby submits his Response to the United States' Omnibus Motion in Limine [Doc. 44]. In support of his Response, Mr. Rodella states as follows:

1. <u>Motion to Exclude Reference to Potential Punishment in This Case</u>

Mr. Rodella concurs that reference to potential punishment in this case is not relevant and thus all direct and indirect references to punishment should be excluded.

2. <u>Motion to Prohibit Defense Counsel From Making Autobiographical References to The Jury</u>

Mr. Rodella does not object to this motion in limine *provided* that it applies with equal force to the assistant U.S. attorneys prosecuting the case. This very issue came up in *United States v. Timothy Wilson*, Case 1:09-cr-01465-JB, a case that was tried before this Court, when the government filed the same Motion in Limine and undersigned counsel concurred only to have the AUSA prosecuting the case go into great autobiographical detail about himself during the opening. That, of course, "opened the door," to statements from counsel that the government had sought to preclude. Accordingly, undersigned counsel does not oppose this motion in limine as long as it applies with equal force to both the prosecution and the defense.

3. <u>United States' Motion *in Limine* to Prohibit Comment on Matters Not Relevant to the Charged Offenses</u>

Mr. Rodella does not oppose this motion to the extent that statements regarding Doc. 22 pertaining to the Hyde Amendment claim that will be made in this case after the jury renders its verdict is not relevant.  Having said that, Mr. Rodella takes issue with the language used by the government that defense counsel has "postur[ed] before the media . . .comment[ing] on civil rights complaints arising out of recent APD-involved shootings."  For the record, defense counsel "postured" less before the media than U.S. Attorney Damon Martinez and the Special Agent in Charge Carol Lee at their televised press conference following the indictment in this case.[1]  Mr. Rodella, obviously, has a great interest in seeking a fair trial, and he hopes the "hyperbole" in future press conferences held by U.S. Attorney Damon Martinez and Special Agent in Charge Carol Lee, will be limited.

4. <u>Motion to Exclude Evidence of Defendant's Good Conduct</u>

Undersigned counsel is aware of the rules of evidence and will comply with them to the best of his ability.  If character evidence is sought to be admitted, undersigned counsel is clearly familiar with the contours of Fed. R. Evid. 608.

Respectfully submitted,

/s/ Robert J. Gorence
Robert J. Gorence
Louren Oliveros
Gorence & Oliveros, P.C.
1305 Tijeras Avenue, NW
Albuquerque, NM 87102
Phone:  (505)  244-0214
Fax:  (505) 244-0888
Email:  gorence@golaw.us
Email:  oliveros@golaw.us

---

[1] A summary of what was said at the U.S. Attorney's press conference can be found at http://www.fbi.gov/albuquerque/press-releases/2014/rio-arriba-county-sheriff-thomas-r.-rodella-and-his-son-arrested-on-federal-charges.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF this 12th day of September, 2014.

<u>/s/ Robert J. Gorence</u>
Robert J. Gorence