IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **THOMAS R. RODELLA**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO STRIKE EXPERT TESTIMONY OF MANUEL T. OVERBY

The United States hereby requests that the Court deny Defendant's Motion To Strike Expert Testimony of Manuel T. Overby (Doc. 50). In support the United States offers the following:

The United States plans to call Manuel T. Overby, who is an expert in law enforcement use of force, defensive tactics and emergency vehicle operations. Overby will educate the jury regarding nationally accepted law enforcement procedure and practice, and present opinions applying those procedures and practices to the facts. *See Zuchel v. City and County of Denver, Colorado*, 997 F.2d 730, 742-43 (10th Cir. 1993); *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 908 (6th Cir. 2004); *Samples v. City of Atlanta*, 916 F.2d 1548, 1551 (11th Cir. 1990).

Defendant has moved to strike Mr. Overby's testimony, and in doing so has invoked a volume of decisions authored by this Court excluding testimony that certain conduct violated local police standard operating procedures (SOPs) – decisions that faithfully interpret the Tenth Circuit's opinion in *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005). Careful attention to the disclosure of Overby's opinions, however, reveals that none of his opinions relate to a local SOP.

Instead, the declaration of Overby's testimony has hewed closely to lines of testimony that the Tenth Circuit specifically approved in *Zuchel*, 997 F.2d at 742-43.

In *Zuchel*, a 42 U.S.C. § 1983 case, the Tenth Circuit considered expert testimony from a non-attorney expert in the field of law enforcement practices. *Id*. at 742. The defendant argued that admission of the expert's testimony was error requiring reversal. *Id*. The Tenth Circuit affirmed the admission of the testimony, finding that "Courts generally allow experts in this area to state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement." *Id*. (*citing Samples v. City of Atlanta*, 916 F.2d 1548, 1551–52 (11th Cir. 1990); *Wade v. Haynes*, 663 F.2d 778, 783–84 (11th Cir. 1981) (expert in prison policy allowed to give opinion on whether conduct was prudent prison administration), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983); and *United States v. Myers*, 972 F.2d 1566, 1577–78 (11th Cir.1992) (lay witness allowed to testify on whether use of force reasonable or justified). Specifically, the Tenth Circuit approved expert testimony in *Zuchel* because "[the expert] did not give an opinion on whether [the defendant's] conduct was unconstitutional. Rather, he stated his belief that the conduct was inappropriate 'based on [his] understanding of generally accepted police custom and practice in Colorado and throughout the United States.'" This is indistinguishable from the testimony the United States intends to elicit from Mr. Overby.

*Tanberg* can be reconciled with *Zuchel*. The primary concerns about SOPs that the *Tanberg* court voiced were 1) uniformity, and 2) creating a disincentive for progressive local SOPs. *See Tanberg*, 401 F.3d at 1163-64. Neither of these concerns applies to testimony regarding nationally accepted practices in law enforcement.[1] By definition, testimony about national practices is a uniform standard throughout the United States. For the same reason, no

---

[1] SOPs and Defendant's specific training, as they pertain to Defendant's state of mind and the willfulness element of 18 U.S.C. § 242, are not the subject of expert testimony, and therefore those matters are discussed separately. *See* Docs. 45 and 72.

local police agency would consider repealing progressive SOPs based on testimony about national practices. The local agency's retraction, or its maintenance of SOP's below national practices, would hardly shield its officers from liability based on national practice testimony. So the logic of *Tanberg* simply does not apply to the proposed expert testimony in this case.

This Court has addressed the question of SOPs numerous times. Most relevant to this case, this Court considered expert testimony as to national practices in *Vondrak v. City of Las Cruces*, 2009 WL 3241555 (D.N.M.). This Court excluded the testimony. *Id*. at *17. In doing so, the Court relied heavily on *Marquez v. City of Albuquerque*, 399 F.3d 1216 (10th Cir. 2005), in which the Tenth Circuit found that exclusion of expert testimony regarding well established law enforcement standards was not an abuse of discretion. But in *Marquez*, the standard of review was likely dispositive; the district court had not abused its discretion in finding the testimony irrelevant and confusing. (The expert in *Marquez* also apparently sought to testify that any use of force beyond the minimum is *ipso facto* unreasonable, which was contrary to law. *Id*. at 1221-22.)

But in this case, Mr. Overby's testimony will be helpful to the jury. Most jurors intuitively know, for example, that police officers do not routinely try to make traffic stops while off duty, driving with family members in a private car and in private clothes; but they do not necessarily know that such an act is indeed contrary to national practice or why. Mr. Overby's testimony will help the jury put its intuitions into context, and he will explain the rationale for each national practice. He will explain practices that are not obvious to jurors, such as why national practice is to park behind a suspect's vehicle instead of in front of it, and why police officers generally do not leap into a suspect's vehicle headfirst with a firearm drawn. A jury needs to hear from a qualified law enforcement expert in order to understand considerations that

3

only a practitioner in the field would anticipate. This testimony informs, but does not supplant, the jury's determination of whether Defendant's actions were reasonable.

With regard to jury confusion, the *Zuchel* court found that the district court properly instructed the jury that "what the law is with regard to the use of force will be contained in the instructions I give you." *Zuchel*, 997 F.2d at 743. The jury instructions as proposed adequately inform the jury of their role in applying the law of the Fourth Amendment to the facts of the case. Of course, if the Court decides that an additional jury instruction is warranted, the United States would agree to any such instruction.

For these reasons, the United States respectfully requests that this Court deny Defendant's Motion To Strike Expert Testimony of Manuel T. Overby (Doc. 50), and requests other such relief as may be just and proper.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 12, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence and Louren Oliveros
Attorneys for Thomas R. Rodella

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney