IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 14-CR-2783 JB |
| | ) |
| THOMAS R. RODELLA, | ) |
| | ) |
| Defendant. | ) |

## OBJECTIONS TO UNITED STATES' REQUESTED JURY INSTRUCTIONS

The Defendant, Thomas R. Rodella, by his attorneys, Robert J. Gorence and Louren Oliveros of Gorence & Oliveros, P.C., hereby objects to the United States' Requested Jury Instructions, Doc. 60, as set forth below. In support of his objections, Defendant states as follows:

### Objection to United States' Requested Jury Instruction Nos. 1 and 2

The government's instructions, while stock instructions, are not applicable to this case. These instructions are only appropriate *if* the evidence at trial warrants their inclusion. It is irrelevant and prejudicial for the Court to advise the jury as to these instructions if a person's untruthful character and similar acts are not introduced. As such, under Fed. R. Evid. 401, the instructions should not be given unless the evidence at the trial in this matter warrants their inclusion in the final set of jury instructions.

### Objection to United States' Requested Jury Instruction No. 3

The government's instruction sets forth a limiting instruction for the jury related to the Rio Arriba Sheriff's Office policies and procedures. Mr. Rodella objects to the inclusion of this

1

instruction for the same reasons set forth in his Motion to Strike Expert Testimony of Manuel Overby, Doc. 75, and his Response in Opposition to United States' Motion in Limine to Permit Evidence of Rio Arriba County Sheriff Office Procedures as Part of the Training Materials, Doc. 72, and incorporates both the his motion and his response into this objection. The evidence the government seeks to admit is not relevant and is inadmissible at trial. Thus, the instruction should not be given.

**Objection to United States' Requested Jury Instruction Nos. 4, 5, 6 and 7**

The government's instructions set forth the elements for a criminal charge of deprivation of a civil rights. The instructions, however, are not an accurate statement of law and stray significantly from the stock instruction on the deprivation of civil rights claim, as set forth in 10th Circuit Pattern Criminal Jury Instructions No. 2.17 (2011). The government also fails to utilize the Fifth Circuit Pattern Instructions for their excessive force and unlawful arrest instructions, which are routinely relied upon in this district. The Fifth Circuit Pattern Jury Charges § 10.1 and 10.2 (West 2006) should be used as the basis for instructions of this nature.

Furthermore, Mr. Rodella is not contesting that he was acting under color of law, so a separate instruction solely on the color of law is not necessary and will mislead the jury.

In its proposed instruction number 6, the government states that "Retribution, retaliation, and deterrence are not legitimate law enforcement purposes." This law does not apply to the facts of this case. An instruction based on an incorrect application of the law to the facts of the case is error. *Bolden v. Kansas City Southern Railway Co.*, 468 F.2d 580, 581 (5th Cir. 1972) (citing *Grice v. McDermott & Co.*, 465 F.2d 486 (5th Cir. 1972)); *Mead v. O'Connor*, 66 N.M. 170, 173, 344 P.2d 478, 480-81 (1959) ("Officers, within reasonable limits, are the judges of the

force necessary to enable them to make arrests or to preserve the peace. When acting in good faith, the courts will afford them the utmost protection, and they will recognize the fact that emergencies arise when the officer cannot be expected to exercise that cool and deliberate judgment which courts and juries exercise afterwards upon investigations in court."). There are no allegations of "retribution, retaliation and deterrence" in this case.

Additionally, the government's instruction that "[d]rawing a firearm or brandishing a firearm toward a citizen may constitute unreasonable force even though no physical injury is inflicted" in an incorrect statement of the law. A law enforcement officer can use a reasonable amount of force, including the use of his firearm in effecting an arrest. *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001) ("It is well settled that the 'reasonableness standard does not require that officers use alternative, less intrusive means' when confronted with a threat of serious bodily injury.").

These instructions will mislead and confuse the jury as to the matters at issue in this trial and should not be given. As such, Defendant requests that Defendant's Proposed Jury Instruction Nos. 1, 3, 4, 5, 6, 7, and 8 be given instead.

**Objection to United States' Requested Jury Instruction Nos. 8 and 9**

The government's proposed instructions Nos. 8 and 9 refer the jury to their verdict form. Defendant objects to the government's proposed verdict form, as it does not correctly state the elements of the claims which must be determined by a jury. Furthermore, Defendant objects to the use of the word "simply" in the last sentence of instruction number 8. An instruction based on an incorrect application of the law to the facts of the case is error. *Bolden v. Kansas City Southern Railway Co.*, 468 F.2d 580, 581 (5th Cir. 1972) (citing *Grice v. McDermott & Co.*, 465

F.2d 486 (5th Cir. 1972)). Defendant's use of the word "simply" is an inaccurate statement of the law, and it is highly prejudicial because it would mislead the jury to believe that there is virtually no threshold for the government to prove bodily injury and highlights physical pain as the requirement for bodily injury. This instruction not only misstates the facts of the case, but any probative value is substantially outweighed by the danger of unfair prejudice and confusing the jury on the issues of the case. Thus, these instructions should not be given.

**Objection to United States' Requested Jury Instruction No. 10**

Defendant objects to this instruction because it is not an accurate statement of the law and does not conform to the 10th Circuit Pattern Criminal Jury Instructions No. 2.45 (2011). The government's instruction does not fully define the terms used in its instruction, and fails to accurately state the elements of the crime which the jury must consider. The jury instruction also misstates the definition of what is required for a jury to find that a firearm was brandished. A person "brandishes" a firearm when he acts with the intent to intimidate another person. *United States v. Bowen*, 527 F.3d 1065, 1073 (10th Cir. 2008) ("§ 924(c)'s definition of "brandishing" a firearm requires a defendant act with the intent to "intimidate" another). Such a deviation from the law will mislead and confuse the jury. Defendant requests that Defendant's Proposed Jury Instruction No. 2 be given instead.

**Objection to United States' Verdict Form**

Defendant objects to the government's verdict form because it does not accurately reflect the elements of the charges against Mr. Rodella and misstates the law. The government's verdict form fails to require that the jury find a violation of civil rights, bodily injury or the use of a

weapon prior to deciding Mr. Rodella's guilty or innocence as to Count 1. Furthermore, the government's verdict form allows the jury to determine Mr. Rodella's guilt or innocence as to Count 2 without instructing the jury that they must first find Mr. Rodella committed a crime of violence as charged in Count 1. As such, Defendant requests that the Court use Defendant's proposed verdict form.

Respectfully submitted,

/s/ Robert J. Gorence
Robert J. Gorence
Louren Oliveros
Gorence & Oliveros, P.C.
1305 Tijeras Avenue, NW
Albuquerque, NM 87102
Phone: (505) 244-0214
Fax: (505) 244-0888
Email: gorence@golaw.us
Email: oliveros@golaw.us

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF this 14th day of September, 2014.

/s/ Robert J. Gorence
Robert J. Gorence