**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                         No. CR 14-2783 JB

THOMAS R. RODELLA,

    Defendant.

**COURT'S FIRST PROPOSED PRELIMINARY JURY INSTRUCTIONS**
(with citations)

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by assistant United States Attorneys, Tara Neda and Jeremy Peña. The defendant, Thomas Rodella, is represented by his attorneys, Robert Gorence and Louren Oliveros.

The indictment charges Mr. Rodella with willfully depriving Michael Tafoya of his Constitutional right not to be subject to unreasonable seizure by a law enforcement officer and of knowingly brandishing a firearm in furtherance of that crime. The indictment is simply the description of the charges made by the government against Mr. Rodella; it is not evidence of guilt or anything else. Mr. Rodella pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, Mr. Rodella's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The

**Preliminary Instructions Before Trial - Page** 2

evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, Mr. Rodella's lawyer may present evidence, but he is not required to do so. I remind you that Mr. Rodella is presumed innocent and it is the government that must prove Mr. Rodella's guilt beyond a reasonable doubt. If Mr. Rodella submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide

what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, I will instruct you on the rules of law which you are to use in reaching your verdict.

The final part of the trial occurs when the government and Mr. Rodella will each be given time for their final arguments.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

To find Mr. Rodella guilty of the crime of depriving Mr. Tafoya of his civil rights, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* Mr. Rodella was acting under color of law when he committed the acts charged in the indictment;

*Second:* Mr. Rodella deprived Mr. Tafoya of his right not to be subjected to unreasonable

**Preliminary Instructions Before Trial - Page** 4

seizure by a law enforcement officer, which is a right secured by the Constitution or laws of the United States; and

*Third:* Mr. Rodella acted willfully, that is, Mr. Rodella acted with a bad purpose, intending to deprive Mr. Tafoya of that right.

To find Mr. Rodella guilty of the crime of brandishing a firearm during and in relation to a crime of violence, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* Mr. Rodella committed the crime of violence by committing the crime charged in Count 1 of the indictment;

*Second:* Mr. Rodella used or carried a firearm and brandished that firearm;

*Third:* during and in relation to a crime of violence.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with Mr. Rodella, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information

about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Neda, you may present the opening statement for the government.

Tenth Circuit Pattern Jury Instructions Criminal 1.01, at 2-5 (2011)(**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**)(adapted)

Tenth Circuit Pattern Jury Instructions Criminal 1.02, at 7 (2011)(**NOTE-TAKING BY JURORS (Optional Addition to Preliminary Instructions)(ALTERNATIVE B)**)(modified)

Tenth Circuit Pattern Jury Instructions Criminal 2.17, at 1036 (2011)(**DEPRIVATION OF CIVIL RIGHTS 18 U.S.C. § 242** (modified)

Tenth Circuit Pattern Jury Instructions Criminal 2.45, at 153 (2011)(**USING/CARRYING A FIREARM DURING COMMISSION OF A DRUG TRAFFICKING CRIME OR CRIME OF VIOLENCE 18 U.S.C. § 924(c)(1)**)(modified)

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**, **UNITED STATES REQUESTED JURY INSTRUCTION NO. 4,** at 1, 6, filed September 10, 2014 (Doc. 60) (DEPRIVATION OF CIVIL RIGHTS -- Elements)

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**, **UNITED STATES REQUESTED JURY INSTRUCTION NO. 10,** at 1, 16, filed September 10, 2014 (Doc. 60) (USING/CARRYING A FIREARM DURING COMMISSION OF A DRUG TRAFFICKING CRIME OR CRIMES OF VIOLENCE

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**, **UNITED STATES REQUESTED JURY INSTRUCTION NO. 5 Element One -- Under Color of Law** at 1, 7, filed September 10, 2014 (Doc. 60) (Deprivation of Civil Rights -- Element One -- Color of Law)(modified)

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**, **UNITED STATES REQUESTED JURY INSTRUCTION NO. 6 Element Two -- Deprivation of a Protected Right** at 1, 6, filed September 10, 2014 (Doc. 60) (Deprivation of Civil Rights -- Element Two -- Deprivation of a Protected Rights) (modified)

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**, **UNITED STATES REQUESTED JURY INSTRUCTION NO. 7 Element Three -- Willfulness** at 11, filed September 10, 2014 (Doc. 60) (Deprivation of Civil Rights -- Element Three -- Willfulness) (modified)

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS, DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 1** at 2-3 filed September 10, 2014 (Doc. 63)(modified)

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS, DEFENDANT'S PROPOSED JURY INSTRUCTIONS NO. 2** at 4-5, filed September 10, 2014 (Doc. 63)(modified)

18 U.S.C § 243

18 U.S.C §§832(f)(5); 1365(h)(4); 1515 (a)(5), 1864(d)(2) (bodily injury defined for purposes of other statutes; definitions include physical pain).

18 U.S.C § 924(c)(4)

Bell v. Wolfish, 441 U.S. 520, 539, 539 n.20 (1979) ("Retribution and deterrence are not legitimate nonpunitive governmental objectives.")

Schmidt v. Gray, 399 Fed.Appx. 925 (5th Cir. 2010)

United States v. Harris, 293 F.2d 863, 871 n.6 (5th Cir. 2002) (finding no error, under plain error standard, in giving similar jury instructions in § 242 prosecution)

Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002)(noting, in analyzing Fourth Amendment claim brought under 42 U.S.C. § 1983, that there was "no reason, let alone any legitimate law enforcement need," for the use of force).

Robinson v. Solano County, 278 F.3d 1107, 1014-15 (9th Cir. 2002) (recognizing that clearly established law holds that display of a firearm could constitute excessive force).

United States v. Colbert, 172 F.3d 594 (8th Cir. 1999) (The fact that a law enforcement officer was off-duty at the time the incident occurred does not preclude a finding that the officer was acting under color of law.)

United States v. Lanier, 33 F.3d 639, 654 (6th Cir. 1994) (finding that 18 U.S.C § 242 does not require serious bodily injury, only bodily injury, and that jury instructions which charged that bodily injury could include physical pain were not erroneous), rev'd on other grounds en banc, 73 F.3d 1380 (6th Cir. 1996), vacated by 520 U.S. 259 (1997).

United States v. Myers, 972 F.2d 1566, 1572 (11th Cir. 1992) (approving jury instruction: "You are instructed that bodily injury means any injury to the body, no matter how temporary. Bodily injury also includes physical pain as well as any burn or abrasion.")

United States v. Redwine, 715 F.2d 315, 319-20 (7th Cir. 1983) ("[While specific intend to interfere with a federally protected right must be sown, it is not necessary that the defendant be shown to have a legalistic appreciation of the federally protected nature of that rights.")

United States v. O'Dell, 462 F.2d 224, 232-33 & n.10 (6th Cir. 1972) (adopting Screws' willfulness standard)

U.S. Sixth Circuit Judges Association Pattern Criminal Jury Instructions § 2.08 Inferring Required Mental State (2005 ed). (including language on inferring intent from attendant circumstances and permitting inference that person normally intends the consequences of his

**Preliminary Instructions Before Trial - Page** 8

voluntary acts)