IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS R. RODELLA, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT RODELLA'S CONSOLIDATED
MOTION IN *LIMINE* (DOC. 49)

The United States responds to the defendant's consolidated motion as follows:

1. <u>Evidence Of Defendant Rodella's Removal As A Magistrate Judge</u>

The United States does not intend to offer into evidence during its case-in-chief that the Judicial Standards Commission recommended the permanent removal of the defendant from judicial office while he was a magistrate. Similarly, the United States does not intend to offer into evidence during its case-in-chief that the Supreme Court of New Mexico concluded that the defendant "committed willful misconduct in office and order[ed] his permanent removal from the bench." *In The Matter Of Rodella*, 190 P.3d 338, 350 (N.M. 2008)

However, should the defendant take the stand and/or introduce his statement for the truth of the matter asserted, the United States may cross-examine the defendant and/or introduce evidence pursuant to Fed. R. 608(b). That is, in 2008, the Judicial Standards Commission and the New Mexico Supreme Court made clear findings that the defendant repeatedly lied under oath during the various removal hearings. Accordingly, the United States is permitted to impeach the defendant by asking him about said findings. See *United States v. Woodard,* 699

1

F.3d 1188, 1195 (10th Cir. 2012) (and cases cited therein). Indeed, "[n]othing could be more probative of a witness's character for untruthfulness than evidence that the witness has previously lied under oath." *United States v. Whitmore,* 359 F.3d 609, 619 (D.C. Cir. 2004) (*cited with approval in Woodard,* 699 F.3d at 1195).

2. Evidence Of Alleged Threats, Intimidation, Personnel Disputes and /or Lawsuits

The United States made no mention of personnel disputes and lawsuits during any hearing. [1] In any event, the United States does not intend to offer such evidence during its case-in-chief.

3. Evidence That Defendant Rodella's Law Enforcement Certification Has Been Suspended

The United States does not intend to offer into evidence during its case-in-chief that the defendant's law enforcement certification has been suspended.

Accordingly, the defendant's Consolidated Motion should be denied as moot.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

---

[1] The United States also did not argue that the defendant was a flight risk. Rather, the United States argued that given the defendant's 20-year history of abusing power and his unchecked aggression, the United States believed the defendant to be a danger to the community. In particular, the United States argued that based on the defendant's past, it was concerned that he would intimidate the victim in this case should he be allowed to return to Rio Arriba County.

I HEREBY CERTIFY that on September 15, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence and Louren M. Oliveros
Counsel for Thomas R. Rodella

*/s/ Filed Electronically*
Tara C. Neda, Assistant U.S. Attorney