IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **THOMAS R. RODELLA**, | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTIONS TO DEFENDANT'S REQUESTED JURY INSTRUCTIONS

The United States hereby objects to the Defendant's Proposed Jury Instructions (Doc. 63) as follows:

**Objections to Defendant's Proposed Jury Instruction No. 1**

The United States objects to Defendant's instruction because it requires a finding of bodily injury, whereas the jury could and should convict Defendant of a 18 U.S.C. § 242 violation even absent a finding of bodily injury so long as the jury finds use or threatened use of a dangerous weapon.  Also, the instruction contains material redundant to the separate descriptions of each element that the United States submitted as to this charge.  Redundant material should be eliminated because it creates an erroneous impression that some instructions might be more important than others.

**Objections to Defendant's Proposed Jury Instruction No. 2**

The United States objects to Defendant's instruction because the question of whether or not a violation of § 242 is a "crime of violence" for purposes of 18 U.S.C. § 924(c) is a matter of law and not a question for the jury to decide.  See, e.g., *United States v. Acosta*, 470 F.3d 132 (2d Cir. 2006) (applying a categorical approach and finding that a conviction under the second clause

(i.e., resulting in bodily injury or including the use or threatened use of a dangerous weapon) of § 242 is necessarily a crime of violence for purposes of § 924(c)). *See also United States v. Verbickas*, 75 Fed.Appx. 705 (10th Cir. 2003) (unpublished) (finding that a violation of § 242's second clause is categorically a crime of violence for purposes of 18 U.S.C. 3156).  Also, this proposed instruction unnecessarily excludes significant portions of the statutory definition of "brandish."

**Objections to Defendant's Proposed Jury Instruction No. 3**

The United States objects to this instruction because it erroneously and inadequately informs the jury about the excessive force inquiry under the Fourth Amendment.  See United States' Requested Instruction No. 6 (Doc. 60).  The instruction as written makes harm an element of a Fourth Amendment violation, which is false.  The United States requests that the Court instruct the jury as to unreasonable force in accordance with United States' Proposed Jury Instruction No. 7.

**Objections to Defendant's Proposed Jury Instruction No. 4**

The United States objects to this instruction because it is redundant, being comprised of two sentences that make the same point.  Additionally, the United States objects to the separation of this instruction from other unreasonable force instructions, because to separate out a few lines into a standalone instruction unnecessarily and inappropriately highlights the standalone instruction.

**Objections to Defendant's Proposed Jury Instruction No. 5**

The United States objects to this instruction because it couches the violation in terms of due process, when what is actually at issue is a Fourth Amendment violation for an unreasonable seizure.  The instruction articulates the scienter requirement as "intentionally," which misstates

the law.  This instruction inserts the civil law concept of "legal cause" of injury, which is contrary to the Fifth Circuit criminal instruction regarding bodily injury as a result of a § 242 violation.  The requirement that the jury decide whether Defendant "committed the acts that the government claims he committed" dramatically expands the burden of proof and vaguely incorporates "the acts that the government claims he committed" as elements of the offense.  The instruction then erroneously claims that the jury must decide whether Defendant's acts exceeded "the bounds of his lawful authority under State law."  State law does not supplant the federal constitution; a state law violation is not an element of a federal offense or a precondition for a violation of the federal constitution.  The instruction makes no effort to define the contours of "bounds of lawful authority."  This instruction is confusing and unhelpful to the jury because it does not identify or describe what misdemeanor allegedly justifies Defendant's actions.  This instruction overlooks New Mexico law that forbids traffic arrests by an officer who is out of uniform.  *See* NMSA 1978, § 66-8-124.  The final sentence as written erroneously excises the "probable cause" standard from the inquiry.  The instruction has inadequate citations to authority.

**Objections to Defendant's Proposed Jury Instruction No. 6**

The United States objects to this instruction because it does not reference federal law.  To the extent that state law may be relevant, it is only relevant to supply the basis for the seizure, i.e., the elements of the offense that the defendant has probable cause to believe was committed.  Additionally, the instruction is confusing and misleading because it purports to address both the substantive element of deprivation of rights, while also unnecessarily commenting on how a jury might interpret certain evidence.  The instruction is confusing and misleading because it refers to

reasonable suspicion; none of the other instructions define reasonable suspicion because what is at issue is an arrest that must be based on probable cause.

**Objections to Defendant's Proposed Jury Instruction No. 7**

Again, the United States objects to this instruction because it is not based on federal law. While state law may supply the substance of the offenses being investigated, it cannot supplant federal standards for how an officer effectuates a seizure. Furthermore, this instruction is redundant with the descriptions of unreasonable force elsewhere in both Defendant's and the United States' proposed instructions, and inappropriately highlights some considerations by setting them out as standalone instructions.

**Objections to Defendant's Proposed Jury Instruction No. 8**

The United States objects to this instruction because it is substantially redundant with Defendant's Proposed Jury Instruction No. 4. Additionally, this instruction erroneously gives Defendant carte blanche to use reasonable force not in relation to an actual crime but "to stop Michael Tafoya's actions," which is conclusory and constitutionally infirm.

**Objections to Defendant's Proposed Jury Instruction No. 9**

The United States objects to this instruction because it is based on state law, irrelevant to the charges and confusing to the jury.

**Objections to Defendant's Proposed Jury Instruction No. 10**

The United States objects to this instruction because it is based on state law and conflicts with the applicable Tenth Circuit Pattern Jury Instruction. The instruction has no basis in the facts. The instruction contains prejudicial and irrelevant references to felons. It is redundant with the United States' proposed instruction regarding use of force; indeed the instructions regarding use of force convey a broader authority to use force in pursuit of law enforcement

objectives and it is not clear what a self-defense instruction could possibly add to that analysis. And the instruction conflicts with federal law. *See Medina v. Cram*, 252 F.3d 1124, 1132 (10th Cir. 2001) ("[Courts must consider] whether [the officers'] own reckless or deliberate conduct during the seizure unreasonably created the need to use such force. An officer's conduct before the suspect threatens force is therefore relevant provided it is 'immediately connected' to the seizure and the threat of force.") (citations omitted).

**Objections to Defendant's Proposed Verdict Forms**

The United States objects to Defendant's proposed verdict forms. As to Count 1, the form erroneously requires the jury to find that both 1.A and 1.B are true before advancing to question 2. Indictments are charged in the conjunctive and proved in the disjunctive. Either theory would suffice to support a conviction. In fact, the verdict form erroneously requires unanimity as to the means by which Defendant violated the Fourth Amendment, which is not necessary. *See United States v. Powell*, 226 F.3d 1181 (10th Cir. 2000).

Second, the form erroneously requires the jury to find that both 2A and 2.B are true before advancing to question 3. Indictments are charged in the conjunctive and proved in the disjunctive. Either theory would suffice to support a conviction (as to both counts).

Additionally, question 2.A erroneously instructs the jury to consider whether Defendant "caused" the victim to "suffer" bodily injury. This phrasing introduces two additional elements into the bodily injury inquiry. If the Court were to require unanimity as to the means by which the "bodily injury or dangerous weapon" element is satisfied, the proper phrasing would be, "Do you find beyond a reasonable doubt that bodily injury resulted from Mr. Rodella's conduct?" See Fifth Circuit Pattern Jury Instructions Criminal 2.18 at 128. In the same vein, following the Fifth Circuit Pattern Jury Instruction (the Tenth Circuit does not provide language for this

particular element), question 2.B should read, "Do you find beyond a reasonable doubt that Mr. Rodella's conduct included the use or threatened use of a dangerous weapon?"

As to Count 2, the form erroneously puts the legal question of whether a conviction under 18 U.S.C. § 242 is a crime violence into the hands of the jury. The jury should be instructed that if they answer yes as to question 3 (which by implication includes a yes to either 2.A or 2.B or both), then they are instructed that they have found that Defendant committed a crime of violence, as discussed above.

For these reasons, the United States respectfully requests that this Court deny Defendant's Proposed Jury Instructions (Doc. 63), and requests other such relief as may be just and proper.

                Respectfully submitted,

                DAMON P. MARTINEZ
                United States Attorney

                */s/ Filed Electronically*
                TARA C. NEDA
                JEREMY PEÑA
                Assistant United States Attorneys
                P.O. Box 607
                Albuquerque, New Mexico 87103
                (505) 346-7274

I HEREBY CERTIFY that on September 18, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence and Louren Oliveros
Attorneys for Thomas R. Rodella

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney