UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS R. RODELLA, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO CLARIFY MOTION IN LIMINE

The United States hereby requests clarification that its Omnibus Motion in Limine (Doc. 44) has been granted as to Request No. 3, which asks that any discussion of the May 7, 2014 meeting between members of the U.S. Attorney's Office (USAO), the U.S. Forest Service (USFS) and the Rio Arriba Sheriff's Office (RASO) be excluded from trial. In support the United States offers the following:

On September 9, 2014, the United States filed its Omnibus Motion in Limine (Doc. 44) (the Omnibus Motion). The Omnibus Motion contained four separate requests. Request No. 3 asked that this Court exclude from trial any matters referenced in defense counsel's Notice Seeking Hyde Amendment Remedy (Doc. 22) or its attachments (Doc. 22-1). *See* Doc. 44, pp. 5-6. The attachment to the Notice Seeking Hyde Amendment Remedy essentially accused the USAO of having an improper motive in prosecuting Defendant, stemming from a disagreement during the May 7, 2014 meeting.

On September 12, 2014, Defendant filed his Response to the Omnibus Motion in Limine in which he stated, in response to Request No. 3, "Mr. Rodella does not oppose this motion to the extent that statements regarding Doc. 22 pertaining to the Hyde Amendment claim that will be

made in this case after the jury renders its verdict is not relevant." Doc. 73. Defendant offered no further legal response to Request No. 3 in that Response. *Id*.

Separately, Defendant filed a Motion to Disqualify (Doc. 37). In this Motion Defendant requested that this Court disqualify the USAO and approve a trial subpoena for U.S. Attorney Damon Martinez, based on Defendant's theory that instant trial could be about prosecutorial motive. *See generally* Doc. 37. The United States responded, arguing, among other things, that prosecutorial motive is not relevant to any claim or defense. *See* Doc. 76, pp. 3-6.

The Court heard argument on these matters on September 15 and 16, 2014. To undersigned counsel's best recollection, each request in the Omnibus Motion was granted, with the understanding that the prosecutorial motive issue would be dealt with specifically when the Court heard argument regarding the Motion to Disqualify. Later on in the hearings, the Court heard argument on the Motion to Disqualify, and ruled from the bench that the USAO would not be disqualified, USA Martinez would not be a witness and the Court would not approve a trial subpoena for USA Martinez.

Given that Defendant has not argued or cited authority finding prosecutorial motive a proper subject of argument or evidence at trial, and that the United States has argued and cited authority to the contrary, out of an abundance of caution the United States requests that, prior to opening statements in this matter, this Court clarify that Request No. 3 of the Omnibus Motion has been granted and that the May 7, 2014 meeting shall not be discussed in any way at trial.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*

TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 21, 2014, I filed the
foregoing electronically through the CM/ECF system, which
caused the below counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic
Filing.
Robert J. Gorence and Louren Oliveros
Attorneys for Thomas R. Rodella

*/s/ Filed Electronically*
Jeremy Peña, Assistant U.S. Attorney