# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                          No. CR 14-2783 JB

THOMAS R. RODELLA,

       Defendant.

## **COURT'S FINAL JURY INSTRUCTIONS** (GIVEN)
### (without citations)

## INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case -- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts.  But in determining what actually happened -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

## INSTRUCTION NO. 3

The government has the burden of proving Defendant Thomas Rodella guilty beyond a reasonable doubt.  The law does not require Mr. Rodella to prove his innocence or produce any evidence at all.  The government has the burden of proving Mr. Rodella guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Rodella not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Rodella's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Rodella's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that Mr. Rodella is guilty of the crime charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

## INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**INSTRUCTION NO. 5**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## INSTRUCTION NO. 6

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Rodella beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or Mr. Rodella?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection -- like failure of recollection -- is not uncommon.

Mr. Rodella did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  I want you to clearly understand, please, that the Constitution of the United States grants to Mr. Rodella the right to remain silent.  That means the right not to testify or call any witnesses.  That is a constitutional right in this country, it is very carefully guarded,

and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that Mr. Rodella did not take the witness stand and testify.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## INSTRUCTION NO. 7

You have heard evidence of other act or wrongs engaged in by Mr. Rodella. You may consider that evidence only as it bears on Mr. Rodella's motive, intent, plan, knowledge, absence of mistake or accident, and for no other purpose.  Specifically, the government contends that this evidence proves:

(i)    Mr. Rodella's motive and intent for pursuing Michael Tafoya was to express his road rage, punish disrespect, and force Mr. Tafoya to submit to his authority and not to enforce any traffic law.

(ii)    Mr. Rodella had a plan to drive in a threatening manner towards other motorists, and if he succeeded in provoking any disrespectful act, force the motorist to submit through a display of his authority.  The traffic encounters are part of a common plan that Mr. Rodella had to require the people of Rio Arriba County to submit to his authority.

(iii)    Mr. Rodella did not make a mistake or accidently forget that his identity was not apparent to all motorists when he pursued Mr. Tafoya in a private Jeep.

Of course, the fact that Mr. Rodella may have previously committed an act similar to the one charged in this case does not mean that Mr. Rodella necessarily committed the act charged in this case.

- 8 -

## INSTRUCTION NO. 8

You have heard the testimony of Michael Tafoya.  You have also heard that, before this trial, he made statements to the FBI  that may be different from his testimony here in court.

These earlier statements to the FBI were brought to your attention only to help you decide how believable his testimony in this trial was.  You cannot use these statements to the FBI as proof of anything else.  You can only use the statements to the FBI as one way of evaluating his testimony here in court.

Exhibit 22 can be considered for any purpose.

**INSTRUCTION NO. 9**

You have heard evidence regarding the training Mr. Rodella personally received. This evidence has been admitted for a limited purpose. You may use it only to determine whether Mr. Rodella acted willfully, that is, with a bad purpose, to violate a right protected by the Constitution of the United States. It is, of course, wholly up to you to determine whether Mr. Rodella acted inconsistent with his training.

I caution you that an instance of inappropriate behavior on the part of a sheriff or deputy does not necessarily rise to the level of a federal constitutional violation. It is possible for a law enforcement officer to act contrary to the officer's training, without violating the United States Constitution, just as it is possible for an officer to violate the Constitution without acting inconsistent with his training.

In other words, if you determine that Mr. Rodella acted contrary to the training he received, you should consider that evidence only in determining whether Mr. Rodella acted willfully and not consider this evidence in determining whether his actions violated the Constitution in the first instance.

## INSTRUCTION NO. 10

During the trial you heard the testimony of DEA Forensic Chemist Tiffany Smith, who expressed opinions concerning the forensic collection and interpretation of biological and serological evidence; the testimony of Dr. Harvey Stanford Sanders, who expressed opinions concerning the course of facial bruising and visibility after trauma; and the testimony of Dennis L. O'Brien, who expressed opinions concerning the reconstruction of the vehicles' movements in this case.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**INSTRUCTION NO. 11**

Mr. Rodella is charged by indictment as follows:

<u>Count 1</u>

On or about March 11, 2014, in Rio Arriba County in the District of New Mexico, the defendant, **THOMAS R. RODELLA,** while acting under color of law, willfully deprived M.T. of the right, protected and secured by the constitution and laws of the United States, not to be subjected to unreasonable seizures by a law enforcement officer. Specifically, the defendant pursued M.T., assaulted M.T., used unreasonable force and caused M.T.'s unlawful arrest by deputies of the Rio Arriba County Sheriff's Office.  This offense resulted in bodily injury to M.T., and included the use and threatened use of a dangerous weapon.

All in violation of 18 U.S.C. § 242.

<u>Count 2</u>

On or about March 11, 2014, in Rio Arriba County in the District of New Mexico, the defendant, **THOMAS R. RODELLA,** during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, deprivation of civil rights under color of law, as charged in Count 1 of this indictment, knowingly carried and brandished a firearm, and in furtherance of such crime, possessed and brandished said firearm.

All in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## INSTRUCTION NO. 12

Mr. Rodella is charged in Count 1 with a violation of 18 U.S.C. section 242.

This law makes it a crime for anyone acting under color of law willfully to deprive someone of a right secured by the Constitution or laws of the United States.

To find Mr. Rodella guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  Mr. Rodella was acting under color of law when he committed the acts charged in the indictment.  Mr. Rodella does not dispute that he was acting under color of law at all times set forth in the indictment.

*Second*:  Mr. Rodella deprived Michael Tafoya of his right to be free from excessive force and unlawful arrest, which are rights secured by the Constitution or laws of the United States.

*Third*:  Mr. Rodella acted willfully, that is, Mr. Rodella acted with a bad purpose intending to deprive Mr. Tafoya of that right; and

*Fourth*:  Bodily injury resulted from the acts Mr. Rodella committed or Mr. Rodella's acts include the use, attempted use or threatened use of a dangerous weapon.

"Under color of law" means acts done under any state law, county or city ordinance, or other governmental regulation, and includes acts done according to a custom of some governmental agency.  It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.

To find Mr. Rodella acted willfully, you must find beyond a reasonable doubt that he committed such act or acts with a bad purpose or evil motive to disobey or disregard the law, specifically intending to deprive Mr. Tafoya of his constitutional right to be free from

unreasonable seizure.  To find that Mr. Rodella was acting willfully, it is not necessary for you to find that Mr. Rodella knew the specific Constitutional provision that his conduct violated.  The fact that Mr. Rodella may not have been thinking in constitutional terms is not material if his aim was not to enforce local law but to deprive Mr. Tafoya of a right and that right was protected by the Constitution.  But Mr. Rodella must have had a specific intent to deprive Mr. Tafoya of a right protected by the Constitution.

Bodily injury is (1) a cut, abrasion, bruise, burn, or disfigurement; (2) physical pain; (3) illness; (4) impairment of the function of a bodily member, organ, or mental faculty; or (5) any other injury to the body no matter how temporary. The government need not prove that Mr. Rodella intended to cause bodily injury.

## INSTRUCTION NO. 13

All sheriffs shall at all times be considered as in the discharge of their duties and be allowed to carry arms on their persons.

Under New Mexico law, no person shall be arrested for a traffic misdemeanor except by a commissioned, salaried peace officer who, at the time of arrest, is wearing a uniform clearly indicating the peace officer's official status.  Reckless driving, careless driving, speeding and failure to yield at a stop sign are traffic misdemeanors.

In New Mexico, a sheriff cannot arrest or detain an individual for a traffic violation unless he is wearing a uniform.

The test for whether an officer was in "uniform" is whether there are sufficient indicia that would permit a reasonable person to believe the person purporting to be a peace officer is, in fact, who he claims to be.

An officer is also considered to be in uniform if the individual either personally knows the officer or has information that should cause him to believe the person making the stop is an officer.

I caution you that an instance of inappropriate behavior on the part of a sheriff or deputy does not necessarily rise to the level of a federal constitutional violation.  It is possible for a law enforcement officer to act contrary to state law without violating the United States Constitution, just as it is possible for an officer to violate the Constitution without acting contrary to state law.

In other words, if you determine that Mr. Rodella acted contrary to state law, you should consider that evidence only in determining whether Mr. Rodella acted willfully and not consider this evidence in determining whether his actions violated the Constitution in the first instance.

## INSTRUCTION NO. 14

The second element that the United States must prove with regard to Count 1 is that Mr. Rodella deprived Mr. Tafoya of a right secured or protected by the Constitution of the United States.  Specifically, the indictment alleges that Mr. Rodella deprived Mr. Tafoya of his right to be free from unreasonable seizure by a law enforcement officer.  You are instructed that the Fourth Amendment to the Constitution of the United States of America protects and secures that right.

The United States alleges that Mr. Rodella deprived this constitutional right in two ways: (i) that Mr. Rodella arrested Mr. Tafoya without probable cause; and (ii) that Mr. Rodella used unreasonable force on Mr. Tafoya.

A police offer violates a person's Fourth Amendment right to be free of unreasonable seizure if the officer makes an arrest without probable cause.  Whenever an officer restrains the freedom of a person to walk or drive away, the officer has seized that person.  Probable cause exists if facts and circumstances within the arresting officer's knowledge would have led a reasonable officer to believe that the arrestee has committed or is committing an offense.  There is no seizure until the person actually submits to a show of authority.

In that regard, you are instructed that, under the law of the State of New Mexico, a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer.  You are further instructed that, under the law of the State of New Mexico, it is an offense for any person: (i) resist, evade, or obstruct an officer (state code misdemeanor); (ii) commit aggravated assault by use of a deadly weapon (felony); (iii) commit an aggravated assault on a peace officer by use

of a deadly weapon (felony); (iv) engage in careless driving (traffic misdemeanor); and (v) engage in reckless driving (traffic misdemeanor).

A person is guilty of resisting, evading or obstructing an officer if the following elements are proven:

1.  The officer was a peace officer in the lawful discharge of duty;

2.  The individual knew that the officer was a peace officer; and

3.  The individual, with the knowledge that the officer was attempting to apprehend or arrest the individual, fled, attempted to evade or evaded the officer.

For a person to be guilty of aggravated assault by use of a deadly weapon, each of the following elements must be proven:

1.  The individual engaged in threatening or menacing conduct;

2.  The individual conduct caused another person to believe the individual was about to intrude on the other person's bodily integrity or personal safety by touching or applying force to the other person in a rude, insolent or angry manner;

3.  A reasonable person in the same circumstances would have had the same belief; and

4.  The individual used a deadly weapon.

For a person to have committed an aggravated assault on a peace officer by use of a deadly weapon, each of following must be proven:

1.  The individual engaged in an unlawful, threatening or menacing conduct;

2.  At the time, the police officer was performing duties of a police officer;

3.  The individual knew the officer was a police officer;

4.  The individual's conduct caused the police officer to believe the individual was about to intrude on the police officer's bodily integrity or personal safety by touching or applying force to the police officer in a rude, insolent or angry manner;

5.  The individual's conduct threatened the safety of the police officer;

6.  A reasonable person in the same circumstances as the police officer would have had the same belief; and

7.  The individual used a deadly weapon.  An automobile is a deadly weapon only if the automobile, when used as a weapon, could cause death or great bodily harm.

A person is guilty of reckless driving if each of the following elements are proven:

1.  The individual operated a motor vehicle; and

2.  The individual operated the motor vehicle in a careless, inattentive or imprudent manner without due regard of the width, grade, curves, corner, traffic, weather, road conditions and all other attendant circumstances.

A person is guilty of careless driving if each of the following elements are proven:

1.  The individual operated a motor vehicle; and

2.  The individual drove carelessly and heedlessly in a willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or a manner so as to endanger or be likely to endanger any person or property.

Regardless whether you decide that Mr. Rodella arrested Mr. Tafoya without probable cause, you should also consider whether Mr. Rodella used unreasonable or excessive force in making the arrest of Mr. Tafoya.

Every person has the constitutional right not to be subjected to unreasonable or excessive force while being arrested by law enforcement officers, even though such arrest is otherwise

- 19 -

proper.  However, in making a lawful arrest, an officer has the right to use such force as is necessary under the circumstances to complete the arrest. You must determine whether the force used in making the arrest of Mr. Tafoya was unnecessary, unreasonable or excessively violent. The force used in making an arrest is unnecessary, unreasonable or excessively violent if the arresting officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances.

Some of the things you may want to consider in determining whether Mr. Rodella used excessive force are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interest.  An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

You may also consider whether Mr. Rodella's conduct during the seizure unreasonably created the need to use the force he did.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.  The nature of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one: the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

The Fourth Amendment does not require officers to use the best techniques available as long as their method is reasonable under the circumstances.  Also the reasonableness standard does not require that officers use alternative less inhumane means.

The United States need not prove both that Mr. Rodella arrested Mr. Tafoya without probable cause <u>and</u> that Mr. Rodella used unreasonable force on Mr. Tafoya. It is sufficient, to satisfy the second element of Count 1, for the United States to prove that Mr. Rodella arrested Mr. Tafoya without probable cause <u>or</u> that Mr. Rodella used unreasonable force on Mr. Tafoya.

## INSTRUCTION NO. 15

You will note that the indictment charges that the crimes were committed on or about March 11, 2014.  The government must prove beyond a reasonable doubt that Mr. Rodella committed the crimes reasonably near March 11, 2014.

## INSTRUCTION NO. 16

Mr. Rodella is charged in Count 2 with a violation of 18 U.S.C. section 924(c)(1).

This law makes it a crime to use or carry and brandish a firearm during and in relation to any crime of violence for which a person may be prosecuted in a court of the United States.

To find Mr. Rodella guilty of this crime you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

*First*: Mr. Rodella committed the crime of deprivation of civil rights, as charged in Count 1 of the indictment.  If you find Mr. Rodella committed the crime of deprivation of civil rights, as charged in Count 1 of the indictment, you are instructed that deprivation of civil rights is a crime of violence;

*Second:* Mr. Rodella used or carried a firearm and brandished that firearm;

*Third:* during and in relation to the crime of deprivation of civil rights;

The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (i.e., made easier), or had the potential of facilitating the underlying crime.

Mr. Rodella knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

Mr. Rodella knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

A defendant knowingly "brandishes" a firearm when he displays all or part of the firearm, or otherwise makes the presence of the firearm known to another person, with the intent to intimidate that person, regardless of whether the firearm is directly visible to that person.

In determining whether Mr. Rodella knowingly used or carried and brandished a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The government must prove a direct connection between Mr. Rodella's use or carrying of the firearm and the underlying crime but the crime need not be the sole reason Mr. Rodella used or carried the firearm.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

## INSTRUCTION NO. 17

Mr. Rodella has offered evidence that he was acting in self-defense.

A person is entitled to defend himself against the immediate use of unlawful force.  But the right to use force in such a defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.

To find Mr. Rodella guilty of the crimes charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt:

*Either*: Mr. Rodella did not act in self-defense,

*Or*, it was not reasonable for Mr. Rodella to think that the force he used was necessary to defend himself against an immediate threat.

## INSTRUCTION NO. 18

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Rodella is guilty of the crimes charged.  Mr. Rodella is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether Mr. Rodella has been proved guilty of the crime charged.

## INSTRUCTION NO. 19

If you find Mr. Rodella guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

### INSTRUCTION NO. 20

In a moment my Courtroom Deputy Clerk, Ms. K'Aun Wild, will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts. You must decide whether the government has proved Mr. Rodella guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

- 28 -

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

## INSTRUCTION NO. 21

Members of the jury, in a moment, I am going to ask that you retire to the jury room and begin to deliberate.  I realize that you may have some difficulty reaching a unanimous agreement, but that is not unusual.  Sometimes, after further discussions, jurors are able to work out their differences and agree.

This is an important case.  If you should fail to agree upon a verdict, the case is left open and must be tried again.  Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that Mr. Rodella is presumed innocent, and that the government, not Mr. Rodella, has the burden of proof and it must prove Mr. Rodella guilty beyond a reasonable doubt.  Those of you who may believe that the government has proved Mr. Rodella guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury may not be convinced.  And those of you who may believe that the government has not proved Mr. Rodella guilty beyond a reasonable doubt should stop and ask yourself if the doubt you have is a reasonable one, given that other members of the jury may not share your doubt.  In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender

your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time as you need to discuss things.  There is no hurry.

I will ask in a moment that you retire and begin your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

## INSTRUCTION NO. 22

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

      vs.                                      No. CR 14-2783 JB

THOMAS R. RODELLA,

        Defendant.

## <u>V E R D I C T</u>

### <u>COUNT 1</u>

1.  Do you find beyond a reasonable doubt that defendant Thomas R. Rodella used

    unreasonable force against Michael Tafoya? _____

                              (yes or no)

2.  Do you find beyond a reasonable doubt that defendant Thomas R. Rodella unlawfully

    arrested Michael Tafoya? _____

                        (yes or no)

    If your answer to *both* question 1 or 2 above is no, you must return a verdict of Not

Guilty in favor of the Defendant as to Count 1 and Count 2.  If your answer to *either* question 1

or 2 is yes, then proceed to questions 3 and 4.

3.  Do you find beyond a reasonable doubt that Mr. Rodella caused Michael Tafoya to suffer

    bodily injury? _____ (y*es* or no)

4.  Do you find beyond a reasonable doubt that Mr. Rodella used or threatened to use a

    dangerous weapon? _____ (yes or no)

If your answer to *both* question 3 or 4 above is no, you must return a verdict of Not Guilty in favor of the Defendant as to Count 1 and Count 2.  If your answer to *either* question 3 or 4 is yes, then proceed to question 5.

    5.   WE, the jury, find the defendant, THOMAS R. RODELLA, _____

                                                        (guilty or not guilty)

      as charged in Count 1 of the indictment.

**<u>COUNT 2</u>**

WE, the jury, find the defendant, THOMAS R. RODELLA, _____

                                                       (guilty or not guilty)

as charged in Count 2 of the indictment.

Dated this _____ day of _____, 2014.

_____
FOREPERSON