IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 14-2783 JB |
| | ) | |
| **THOMAS R. RODELLA**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM

The United States submits the following memorandum to supplement its Sentencing Memorandum (Doc. 148) filed on November 18, 2014.

### Introduction

This Court recently instructed the parties to consider the appropriate fine to be imposed in the above-captioned case. After careful review of the Sentencing Guidelines and relevant case law, the United States believes the maximum fine permissible by statute should be imposed.

### Applicable Law

Section 5E1.2 of the Sentencing Guidelines states that the "court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and not likely to become able to pay a fine." U.S.S.G. §5E1.2(a). The Tenth Circuit has interpreted this language to mean that the defendant has the burden of proving that he is unable to pay a particular fine. *United States v. Wood,* 384 Fed.Appx. 698, 711 (10th Cir. 2010); *United States v. Carney,* 271 Fed.Appx. 700, 702 (10th Cir. 2008); *United States v. Ballard,* 16 F.3d 1110, 1114 (10th Cir. 1994).

The Commentary to Section 5E1.2 states that where the defendant failed to disclose all of his assets, a larger fine than the section provides for the defendant's offense level may be justified. U.S.S.G. §5E1.2, Application Note 6. If the defendant willfully misrepresented his assets, a two-level enhancement under U.S.S.G. §3C1.1 for obstruction of justice also may be warranted. *Id.* In *United States v. Sharp*, 749 F.3d 1267, 1292-93 (10th Cir. 2014), the Tenth Circuit affirmed the sentencing court's imposition of a fine that was four times greater than the Guideline range because the defendant attempted to conceal assets from the probation office. Moreover, a two-level enhancement under Section 3C1.1 was affirmed where the defendant failed to disclose the existence of a bank account. *United States v. Nelson*, 54 F.3d 1540, 1543-44 (10th Cir. 1995) (remanded on other grounds). Similarly, failure to disclose real estate holdings may warrant a two-level enhancement for obstruction of justice. *Ballard*, 16 F.3d at 1113; *United States v. Smaw*, 993 F.2d 902, 904-905 (D.C. Cir. 1993) (remanded on other grounds).

## Discussion

The United States Probation Office has correctly calculated Defendant's applicable offense level to be 31. Presentence Report (PSR) at para. 35. The Fine Table of Section 5E1.2 provides for a minimum fine of $15,000 and a maximum fine of $150,000 for offense level 31. U.S.S.G. §5E1.2(c)(3). However, U.S.S.G. §2K2.4(d) requires the application of the offense level that would have been applicable had there been no conviction under Section 924(c). The underlying offense, aggravated assault, provides for a four-level enhancement when a dangerous weapon is used. U.S.S.G. §2A2.2(b)(2)(B). Thus, the total offense level would be 35 absent the Section 924(c) conviction. Therefore, the minimum fine is $20,000 and the maximum fine is

$200,000.  U.S.S.G. §5E1.2(c)(3).  The statutory maximum fine that can be imposed under both 18 U.S.C. § 924(c) and 18 U.S.C. § 242 is $250,000.  18 U.S.C. § 3571(b).

The Probation Office reports that the defendant failed to disclose his legal fees, recent bank statements, tax returns, mortgage information and other financial information.  PSR at para. 71.  In short, the defendant refused to fully disclose his assets during the presentence investigation.  Accordingly, a larger fine than what ordinarily would be imposed is justified.  U.S.S.G. §5E1.2(c)(3), Application Note. 6.

In addition to the defendant's failure to disclose the requested bank and tax records, the defendant has failed to disclose a residence located at 9419 Endee Rd., NW, Albuquerque, NM.  The defendant purchased the residence in 2006 for $235,011.  Exhibit 1, p. 8 attached hereto.  Although the property appears to be mortgaged, that is no excuse for the defendant's failure to disclose his ownership of this property.  The lack of equity in real estate because of the size of a loan, "is not a defense to the charge that [the defendant's] false response was material." *Smaw*, 993 F.2d at 904.  The defendant also has failed to disclose his bank account(s).  Defendant's disclosure of the existence of his bank account(s) is required regardless of its size.  As in *Smaw*, the amount of money in an undisclosed account is not relevant to a finding of obstruction of justice.  *Nelson*, 54 F3d at 1544.

As described above, the willful failure to disclose assets during a sentencing investigation can justify an obstruction of justice enhancement and/or an increase in the defendant's fine.  In the instant case, the defendant already is eligible for a two-level enhancement for obstruction of justice under U.S.S.G. §3C1.1 because he submitted false witness accounts for the criminal investigative file on this case.  PSR at para. 31.  Therefore, the United States requests that this Court consider increasing the defendant's fine to the statutory maximum of $250,000 pursuant to

U.S.S.G. §5E1. 2(c)(3), Application Note. 6.  The United States further requests that this Court make a finding that if the defendant's submission of the false witness statements does not justify an enhancement under Section 3C1.1, the willful failure to disclose assets during the sentencing investigation does justify such an enhancement.

## Conclusion

At a minimum, Defendant's willful failure to disclose his financial assets, to include the residence located at 9419 Endee Rd. NW, justifies an imposition of a fine that exceeds the guideline range of $20,000 to $200,000.  The United States requests that the Court consider imposing the statutory maximum fine of $250,000.  The United States further requests the Court to make a finding that the defendant's failure to disclose his assets renders him eligible for a two-level enhancement under U.S.S.G. §3C1.1.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*/s/ Filed Electronically*
TARA C. NEDA
JEREMY PEÑA
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on January 14, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Robert J. Gorence and Louren Oliveros
Attorneys for Thomas R. Rodella

*/s/ Filed Electronically*
Tara C. Neda, Assistant U.S. Attorney