SAMUEL ROLL, Ph.D., P.A.
1616 SAN PATRICIO, S.W.
ALBUQUERQUE, NEW MEXICO 87104

January 12, 2015

Licensed Clinical Psychologist
Diplomate in Clinical Psychology
Diplomate in Forensic Psychology

PSCHOLOGICAL REPORT

UNITED STATES OF AMERICA
VS.
THOMAS RODELLA

At the request of Mr. Robert Gorence, I have reviewed the V.A. Medical Records (Records) of Thomas Rodella, Jr. (Bates 66-482). I have also reviewed the Excerpted testimony of Mr. Thomas Rodella, Jr. before the Honorable James O. Browning, United States District Judge, Albquerque Bernalillo County, New Mexico, on September 25, 2014.

After reviewing the material, it is my opinion that, from the psychological perspective, there are a number of serious problems about the way the Records and the Physician's Desk Reference (PDR) were used in the cross-examination of Mr. Rodella Jr.

The concerns involve the use of the Records and the PDR, without expert testimony for clarification, and in a way that violates the standard and customary use of these sources of information. The questioning of Mr. Rodella Jr. about these materials presented what would seem like reliable information about the mental health of Mr. Rodella Jr. that would raise issues about his competence and credibility. The use of the Records and the PDR was done in a manner that is inconsistent with the reliable and valid use of such material.

A major problem is that the cross-examination used Mr. Rodella Jr.'s history of subjective complaints to suggest a reliable picture of his psychological status. His subjective complaints were used instead of, and independent of, the contradictory objective data already available through Mr. Rodella Jr.'s psychological testing. The questioning inferred that Mr. Rodella Jr.'s mental status was impaired by poor concentration, impaired sensorium and loss of memory. It would be the equivalent of using a patient's report that he has a high fever as definitive instead of the readings taken from a thermometer.


EXHIBIT B

Psychological Report
Mr. Thomas Rodella Jr.
January 12, 2015

A patient's account is not the most valid and reliable source of information and is to be used to guide an objective evaluation and not as a conclusion. Certainly, it would be less than appropriate to come to a diagnosis, prescribe medication or conduct surgery based on such limited data. An expert's use of the patient's complaints, together with the objective data, should be the basis of determining whether or not Mr. Rodella Jr. actually had poor concentration, impaired sensorium and loss of memory. Such data were available in this case but were not used.

In a similar manner, cross-examination made use of the PDR to suggest that Mr. Rodella Jr. was suffering from confusion, delusions, and hallucinations as side effects of the medications Mr. Rodella Jr. was prescribed. Certainly, those mental symptoms would raise serious concerns about his ability to perceive, remember and report reality correctly.

This use of the PDR poses a number of problems. First of all, Mr. Rodella Jr.'s records about his mental status do not contain any references to severe mental malfunctioning. Had serious side effect had resulted, Mr. Rodella Jr.'s medical professionals would have noted them.

Secondly, if Mr. Rodella Jr. had developed such severe side effects, which are decidedly more impairing than the condition for which Mr. Rodella Jr. was being treated, the medications assuredly would have been discontinued. His own physicians or an expert could have clarified that issue and reduced probable errors in concerns about Mr. Rodella's competence and the correctness of his observations.

Thirdly, suggesting via questioning, without clarification from research or expert testimony, risks leaving the impression that rarely appearing side effects of the medications are more common than is actually the case.

To the extent that Mr. Rodella Jr.'s competence or credibility or both were important considerations, the limited and potential distorting use of Mr. Rodella's Record and the PDR would have likely lead to serious errors in determining such factors.

More appropriate use and interpretation of Mr. Rodella Jr.'s Records were available. Psychological test data about his conditions were available. Expert testimony about the presence or absence of the side effects of hallucinations, delusions and confusion were available. Professional and expert testimony about the PDR and its relevance to Mr. Rodella Jr. and his competence were also available.

Psychological Report
Mr. Thomas Rodella Jr.
January 12, 2015

In summary, it is my opinion that, from the psychological perspective, incomplete and potentially distorting use was made of the Records and the PDR in the cross-examination of Mr. Rodella Jr. The way the Records and the PDR were used is neither standard nor customary and had a high risk of leading to erroneous impressions about Mr. Rodella Jr.'s ability to perceive, remember and report his experiences in a reliable and competent manner.

Respectfully submitted,

*Samuel Roll*

Samuel Roll, Ph.D, ABPP
Licensed Clinical Psychologist
Diplomate in Clinical Psychology
Diplomate in Forensic Psychology

3