IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

CRIMINAL NO. 14-2783 JB

**THOMAS RODELLA,**

    *Defendant.*

and,

**LOS ALAMOS NATIONAL BANK
AND ITS SUCCESSORS OR ASSIGNS
ATTENTION: LEGAL DEPARTMENT**

    *Garnishee.*

**UNITED STATES' OBJECTION TO AMENDED ANSWER OF GARNISHEE AND REQUEST FOR HEARING**

Pursuant to 28 U.S.C. § 3205(c)(5)[1], the United States objects to the Amended Answer of Garnishee, Los Alamos National Bank (LANB) (Doc. 225) and hereby requests a hearing on its objection. This Court imposed sentence on Defendant Rodella on January 21, 2015 and entered an Amended Judgment on February 9, 2015 (Doc. 198). The judgment imposed a special assessment in the amount of $200, a fine in the amount of $200,000, and restitution in the amount of $10,335.38. To date, payments totaling $62,775.88 have been made toward the debt. The special assessment and restitution have been satisfied in full. Defendant owes $147,867.40,

---

[1] This statute provides as follows:
(5) Objections to answer. – Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing hall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties.

1

plus interest on his fine obligation.

Upon application by the United States, this Court issued a Writ of Garnishment against certain property (bank accounts) belonging to the defendant and maintained by LANB to satisfy in part the remaining fine obligation in this case (Doc. 219). In response, LANB filed an Amended Answer in which it identified eight accounts consisting of checking accounts, savings accounts and CDs in its custody owned by the defendant jointly and solely, and valued at $125,120.39 (Doc. 225, p.2). LANB has claimed an exemption to garnishment for one of the CDs valued at $70,032.09 on the ground that "$70,000.00 is pledged as collateral for loans." (Doc. 225, p.3). The claim of exemption fails to specify the terms of these alleged loans. In any event, this claim of exemption lacks merit as a matter of law.

The United States may enforce a judgment imposing a fine civilly or criminally "by all…available and reasonable means." 18 U.S.C. § 3613(a). Here, the United States chose to enforce the defendant's judgment under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 2004, 3001-3308, (FDCPA), which provides, in general, "the exclusive civil procedures for the United States … to recover a judgment on a debt [including an amount owing to the United States on account of a fine] … " 28 U.S.C §§ 3001(a)(1), 3002(3)(B).

A fine imposed in a criminal case "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability … were a liability for tax assessed under the Internal Revenue Code." 18 U.S.C. §§ 3613(c). Thus, for purposes of enforcement, criminal fines are to be treated the same as a lien for the payment of delinquent income taxes.

The exemptions to levy available to a tax payer are limited to the property enumerated in 26 U.S.C. § 6334(a). *See* 26 U.S.C. § 6334(c). These same limited exemptions apply in the

context of criminal fine obligations. *See* attachment 1.

LANB's claim of exemption is not an enumerated exemption under federal law. Therefore, LANB's claim is not valid, and the funds LANB holds on behalf of Defendant Rodella are subject to garnishment.

WHEREFORE, the United States respectfully requests that this Court sustain the United States' objection to the Amended Answer of Los Alamos National Bank and order the Bank to pay all of Rodella's funds, whether held solely or jointly, in its possession, custody, or control to the United States in partial satisfaction of his fine obligation.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on the 8th day of July, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

<u>VIA First Class Mail</u>
Los Alamos National Bank
Attention: Legal Department
1200 Trinity Drive
Los Alamos, NM 87544

<u>VIA First Class Mail</u>
Debbie Rodella
16 Private Drive 1156
La Mesilla, NM 87532

_____
STEPHEN R. KOTZ
Assistant U.S. Attorney